### 4785.   GEORGIA EXCELSIOR COMPANY *v.* HARTFELDER-GARBUTT COMPANY.

POTTLE, J.  This was an action on an open account, to recover $1,597.68, for goods sold and delivered.  The verdict was in favor of the plaintiff for $872.54.  There was a general denial of the account, a special plea of failure of consideration, and a cross-action claiming damages on account of the alleged failure of the plaintiff to deliver the goods within the time specified in the contract.  There was sufficient evidence to authorize the jury to find that the account had been proved, especially in view of the fact that there was no denial that the goods sued for had been delivered.  While, as to some of the items in the account, the testimony may not have been sufficiently definite, still a sufficient number of items were proved to authorize a verdict for the amount found by the jury.  On the issues raised by the special plea and the cross-action the evidence was sufficient to authorize a finding in favor of the plaintiff.  It was not erroneous to permit the plaintiff's witness to attempt to refresh his recollection from the copy of the account, attached to the petition.  It was not essential that the witness should have made the memorandum himself.  *Lenney* v. *Finley,* 118 *Ga.* 427 (45 S. E. 317).  It was enough if he at any time had personal knowledge of the correctness of the entry of items set forth in the account.  As to many of them he testified that he did have such knowledge.  Whether, under his testimony, he did have sufficient knowledge in reference to the account was a question properly submitted to the jury.  In the light of the explanatory note of the trial judge, the testimony of the plaintiff's witness in reference to the entries from the plaintiff's books was not objectionable.  Although the books were not formally introduced in evidence, the court certifies that they were produced and used on the trial, inspected by the court and counsel, and the witnesses interrogated in reference thereto.  In this manner entries from the books were read to the jury, and thus became a part of the evidence in the case. Under these circumstances the books were properly treated as evidence, at least in so far as they relate to the entries about which the witness had testified.  The trial judge charged the jury, in substance, that, before the defendants could recover in the cross-action for damages incurred by reason of an independent third contract made by the defendant on the faith of the contract with the plaintiff, it must appear that the fact that such third contract was made was communicated to the plaintiff.  This charge was not erroneous because the trial judge failed to charge that knowledge by the plaintiff of the independent con-

tract, or reasonable grounds of knowing the same, would be sufficient. The language of the charge as given was sufficient to express the idea contained in the assignment of error. The trial was free from substantial error, and the court did not err in overruling the motion for a new trial.                                              *Judgment affirmed.*

DECIDED JUNE 10, 1913.

Complaint; from city court of Savannah—Judge Davis ` Free-man. January 27, 1913.

*R. L. Colding,* for plaintiff in error. *Oliver & Oliver,* contra.