35058.  WYATT *et al. v.* MURRAY.

Decided April 15, 1954—Rehearing denied May 12, 1954.

*Aaron Kravitch,* for plaintiff in error.
*Myrick & Myrick, Shelby Myrick,* contra.

GARDNER, P. J. 1. As to the general grounds, the evidence is sufficient to sustain the verdict. We will discuss the evidence more in detail in passing upon the special grounds.

2. It is alleged in special ground 1 that the court committed reversible error because the following evidence was admitted without objection, and it was binding on the plaintiff, to the effect that the contract price for the work done was $3,575. "Received of J. L. Wyatt two thousand dollars ($2,000.00) on account of repair job at 14 West Hull St., Savannah, Ga. Balance not to exceed $1,575 when job is completed. (Signed) Ike Murray."

The plaintiff contended and testified under oath that the following portion of the purported receipt, "Balance not to exceed $1,575 when job is completed," was not in the receipt when the plaintiff signed it; that this portion of the receipt was forgery on the part of the defendants. Code § 38-508 reads: "Receipts for money are always only prima facie evidence of payment, and may be denied or explained by parol."

The jury believed the testimony of the plaintiff rather than that of the defendants. When we review this special assignment in the light of the law, the court did not err in permitting the parties to explain the purported receipt, and it connects up the general grounds with special ground 1.

3. Special ground 2 complains that the court erred in failing to admit in evidence Exhibit 3, which reads as follows: "We tender in evidence the statement of costs as given Mr. Wyatt by Mr. Murray, and copied by Mr. Wyatt, as follows: Carpentry, $1800.00—Electrical, $375.00— Plumbing, $250.00—Plastering, $200.00—Painting, $950.00—Total, $3575.00." Counsel for the defendants rely on *Hall* v. *Wingate,* 159 *Ga.* 630 (5) (126 S. E. 796) to support their contentions. The facts in that case do not sustain the defendants' contention. Those facts are entirely different from the statement which the defendants tendered in evidence in the case at bar. It is simply a self-serving statement, not a part of the res gestae. It shows no date or connection with the transaction. The circumstances under which the memorandum was made by the defendants do not appear. It does not appear whether or not it was made in the presence of the plaintiff. The court did permit the defendants to testify as to the different amounts going to make up the contract according to the defendants' idea. We call attention in this regard to *Muller Mfg. Co.* v. *Benton,* 137 *Ga.* 411 (3) (73 S. E. 669). See also, in this connection, *Aripeka Sawmills* v. *Georgia Supply Co.,* 143 *Ga.* 210 (4) (84 S. E. 455). While we realize that the facts stated in the two Supreme Court decisions immediately hereinbefore cited are not in all respects on all fours with the case at bar, nevertheless, the cases are controlling in principle. In this connection, see also *Young* v. *Landers,* 31 *Ga. App.* 59 (2) (119 S. E. 464). We think that case is quite similar to the facts in the instant case. In *Denton* v. *Etheridge,* 73 *Ga. App.*

221 (3) (36 S. E. 2d 365), this court ruled as follows: "The plaintiff can not build up his case by statements or claims to the opposite party, unless they are part of the res gestae, or come under some other exception to the general rule. The letter complained of in special ground 5 contained numerous self-serving declarations and was highly prejudicial to the defendant, and the court erred in admitting the letter in evidence over the objections of the defendant." Therefore, it follows that the court did not err in excluding the defendants' Exhibit Number 3 over objections of the plaintiff to the effect that it was a self-serving declaration. This special ground is without merit.

4. Special ground 3 complains of the following excerpt from the charge of the court: "Ordinarily when one renders service, or transfers property value to another which the latter accepts, a promise is implied to pay the reasonable value thereof." The defendants assign error on this excerpt because the action in the instant case was based on an express contract, and was not a suit on an implied contract or quantum meruit, and because the instruction was improper and confusing and injected an issue which was not in the case and expressed an opinion by the court and intimation to the jury that the court felt that the plaintiff was entitled to recover, which charge was highly improper and prejudicial to the defendants' rights. This charge was a correct one under Code § 3-107. Paragraph 4 of the original petition shows that no definite amount was agreed upon. Paragraph 3 of the answer sets out that the defendants agreed to pay the plaintiff the cost of all labor and material used in the work, plus 10%, the overall cost not to exceed $3,575. The uncontradicted evidence shows that more than $3,575 for labor and material was used on the defendants' property. So the court correctly charged the provisions of Code § 3-107 under the pleadings and the evidence. In this connection, we call attention to *Rushing* v. *Jones,* 68 *Ga. App.* 300, 302 (22 S. E. 2d 675), wherein this court said: "The jury could find that, though an express contract had been entered into for certain services, the actual services rendered by the plaintiff's intestate were in excess of those contemplated by the express contract, and accordingly the action on a quantum meruit basis would be maintainable for recovery to the extent of the services rendered in addition

to, and exclusive of, those contemplated by the express contract." We do not feel that the pleadings and the evidence in the instant case set up a definite amount for which the work was to be done, yet, under the *Rushing* case, the actual services rendered were in excess of the defendants' contention. Under the pleadings and the evidence in this case, it is evident that the minds of the parties never met as to any definite amount. We call attention to 12 Am. Jur. 505, § 7, wherein the following statement is made: "It is only when parties do not expressly agree that the law interposes and raises a promise. . . The rule that a promise by implication does not exist where the party had made an express promise is not arbitrary and inflexible. The mere fact that the parties have attempted to make an express contract but have not succeeded in making it enforceable with respect to some of its terms does not prevent the implication of a promise to pay for benefits conferred thereunder. . . Nor is the implication of a promise necessarily precluded by the mere fact that an enforceable contract had previously been entered into by the same parties. Under some circumstances the contract may be treated as having been abrogated, and a recovery may be had on an implied promise to pay for benefits conferred thereunder. A party may be bound by an implied promise when he has made an express contract which has been rescinded or abandoned."

The evidence further shows that the original negotiations were for a definite *amount* of work from the final work done. The plaintiff testified: "When me and Mr. Wyatt first started on this figuring to do this work, he did not tell me that he wanted some work, brick and cement work, done." During the negotiations the plaintiff and the defendants had a disagreement with reference to the electrical work and who should do it. On the question of an implied contract to pay, we wish to call attention to 12 Am. Jur. 766, § 239, wherein that authority said: "The policy of the law is to supply in contracts what is presumed to have been inadvertently omitted by the parties, the parties being supposed to have made those stipulations which as honest, fair and just men they ought to have made. Therefore, whatever may fairly be implied from the terms or nature of an instrument is, in judgment of law, contained in it. . . Terms are to be

implied in a contract not because they are reasonable, but because they are necessarily involved in the contractual relationship so that the parties must have intended them and have only failed to express them because they are too obvious to need expression."

It is obvious from the evidence that the original contract or discussion between the parties did not contemplate all the work which was finally done, and the trial judge correctly charged on quantum meruit. Finally, we will call attention to the fact that the defendants, in their amended answer and in the evidence, admitted that the plaintiff was entitled to recover from them $340, whereas the plaintiff contended in the pleadings and in the evidence that the amount which the defendants owed was $7,953.14. Based on such pleadings, and the evidence from each of the parties, the court instructed the jury that they might render a verdict for any amount from $340 to $7,953.14. This charge was unexcepted to, and the jury under the pleadings and the evidence, and under the charge of the court (which we think was correct), returned a verdict for the plaintiff for $3,000. The jury were authorized to, and did, return a verdict for a cut-down on the plaintiff's claim and raised the defendants' claim.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*