## 51447. HORTMAN v. GRESHAM.

PANNELL, Presiding Judge.

The plaintiff contracted to build a house for the defendant for $22,612. The plaintiff alleged that the defendant requested various modifications during the building of the house, and plaintiff complied with defendant's requests. Suit was brought to recover $13,020.53 for the value of said modifications. Upon the trial of the case, the jury returned a verdict for the plaintiff in the amount of $5,000. The defendant appeals the judgment entered in favor of the plaintiff.

1. Appellant sought to introduce into evidence a set of plans and specifications for the construction of the house. Appellant had written on the plans with red ink, noting various things which appellee had failed to

complete or install while building the house. Appellee objected to the introduction of the plans because of these written notations. The trial judge found that the notations were self-serving and could not be deleted; he sustained the objection. Appellant urges error in the court refusing to admit the plans and specifications into evidence.

"Generally, a party can not make evidence for himself by his own declarations, and it is a well-established general rule that a statement of a party, whether oral or written, which is of a self-serving nature is not admissible in his favor." *Denton v. Etheridge,* 73 Ga. App. 221 (36 SE2d 365); see also *Wyatt v. Murray,* 90 Ga. App. 138 (3) (82 SE2d 159). The document complained of contained several self-serving declarations, which could not be deleted. These statements were not admissible under any exception to the hearsay rule. The trial court properly excluded the plans and specifications from evidence since they contained numerous self-serving declarations which could not be deleted.

2. After appellant had rested his case, the trial court allowed appellee to be recalled for further questioning upon direct examination. Appellee's testimony concerned whether or not he had notice of any defects in workmanship or construction of the house. Appellant was then recalled for further questioning. He was asked to specify "what was wrong with the house." The trial court refused to allow appellant to answer this question on the ground that it was not in rebuttal to appellee's testimony on recall examination.

"Allowing the recall of witnesses, even after both sides have closed, is within the sound discretion of the trial judge." *Peters v. State,* 131 Ga. App. 513, 515 (206 SE2d 623). The extent of re-direct examination of a witness is left to the trial judge's sound discretion. See *Daugherty v. Vick,* 127 Ga. App. 767, 768 (195 SE2d 208). The objected-to testimony was repetitive of appellee's prior testimony. Further, it would not have rebutted the prior testimony of appellee concerning *notice* of defects. The trial judge acted within his sound discretion in refusing to allow the objected-to testimony.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED NOVEMBER 4, 1975 — DECIDED JANUARY 9, 1976.

G. Hughel Harrison, for appellant.
John F. Lester, for appellee.