## 55052. DUNAGAN v. THE STATE.

WEBB, Judge.

Julian R. Dunagan waited for and encountered his wife and Donald Hicks in Hicks' automobile in a motel parking lot, killing his wife and wounding Hicks with pistol shots. When the police arrived he handed over the pistols, stating "Here are the guns. I shot them both." The jury returned a verdict of guilty of voluntary manslaughter in the killing of his wife, and aggravated assault in the wounding of Hicks. This appeal followed, and we affirm.

1. Dunagan complains of the overruling of his pre-trial and post-trial motions for discovery and inspection of the prosecution's file, contending here that statements taken from various witnesses could have been used at trial to impeach their testimony by prior inconsistent statements. The trial judge overruled the pre-trial motion but required the prosecution to preserve the items for an *in camera* post-trial inspection in the event of a guilty verdict, which was accomplished. See Williams v. Dutton, 400 F2d 797 (CA 5, 1968).

In an impressive order the trial court concluded, inter alia, "that the only value [the statements] might have had to the defendant on the trial of the case would result from minor discrepancies of such a nature as to be without significance to the outcome of the trial." While Dunagan's counsel stated in oral argument before this court that Hicks' statement taken in the emergency room after the shooting was "completely different" from his testimony at trial, we have not been enlightened as to what the claimed inconsistencies are or where they may be found in the record. "The burden is on him who asserts error to show it affirmatively by the record." *Roach v. State,* 221 Ga. 783, 786 (147 SE2d 299) (1966). The

out-of-court statements are included in the appeal record, and we find nothing which would authorize us to strike down the trial court's conclusion that any inconsistencies were minor and immaterial. In these circumstances a new trial is not required. United States v. Agurs, 427 U. S. 97 (96 SC 2392, 49 LE2d 342 (1976)); Garrison v. Maggio, 540 F2d 1271 (CA 5, 1976).

The instant case is unlike Giglio v. United States, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972)), where the prosecution's case depended almost entirely upon the testimony of a coconspirator who had been promised immunity in exchange for his testimony and the agreement was not disclosed to the defense.

2. Remaining claims of error are not supported by references to the record and argument and citation of authority, and in these circumstances we do not disturb the conviction. *Adams v. State,* 142 Ga. App. 252 (1) (235 SE2d 667) (1977); *Scott v. State,* 229 Ga. 541, 546 (4) (192 SE2d 367) (1972).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JANUARY 11, 1978 — DECIDED FEBRUARY 3, 1978 — REHEARING DENIED FEBRUARY 28, 1978 — CERT. APPLIED FOR.

*John N. Crudup,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Assistant District Attorney,* for appellee.