### 56337. AMPCO CORPORATION v. SALET et al.

DEEN, Presiding Judge.

1. On July 24, 1973, the Salets purchased a century old renovated house from the appellant corporation. The latter delivered a warranty at the closing reading in part: "The undersigned warrantor hereby warrants to the purchaser . . . (2) The soil underneath house and porches has been treated with a chlordane solution in accordance with Home and Garden Bulletin Number 64, U. S. Dept. of Agriculture, entitled 'Subterranean Termites, Their Prevention and Control in Buildings' . . . (4) This Warranty shall apply only to any work found to be defective in workmanship or materials within one year of date hereof . . . (5) No further Warranties shall be deemed to exist beyond the conditions herein."

Plaintiff purchaser sued for damages for various breaches of warranty, including termite damage occurring within a year of purchase. On the trial a jury question was posed as to (a) the presence of termites in the house and (b) whether it had been treated as warranted. A witness for the seller, who testified on direct examination that he found no evidence of termite infestation, averred on cross examination that proper treatment (as described

in the pamphlet) included trenching and dousing with chemicals, that he saw no evidence of trenching, and that had trenches been dug he would have seen them. No witness testified positively to having dug the trenches and treated them with the poison or having seen the work performed. The negative testimony — that if they had been dug as outlined in the government bulletin the witness would have seen evidence of it in his examination — was entitled to credence. *Ellis v. Southern R. Co.,* 96 Ga. App. 687, 697 (101 SE2d 230) (1957). There was other evidence that an active infestation of termites was present. The verdict for the plaintiff finding that the warranty of termite treatment had been breached is not unsupported by evidence.

2. Recall of a witness on redirect examination after he has been cross examined is a procedure largely within the discretion of the trial court. *Hortman v. Gresham,* 137 Ga. App. 253 (2) (223 SE2d 285) (1976). Where an employee of a pest control company was asked on cross examination what his company did if a termite control treatment was ineffective and replied that "during that year if there was active infestation we would take care without any cost to the homeowner" it was not error, on redirect examination, to elicit the further statement: "There is a responsibility to go back and retreat the house at no additional cost." Such evidence is at least contingently relevant to the one-year limitation on the warranty of workmanship and materials given by the seller-defendant in the case at bar.

The motions for new trial and judgment notwithstanding the verdict were properly overruled.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED SEPTEMBER 28, 1978.

*Albert H. Dallas, Samuel A. Fowler, Jr.,* for appellant.

*Knox & Evans, Robert E. Knox,* for appellees.