## 57149. CLAYTON et al. v. THE STATE.

BANKE, Judge.

The defendants were each convicted of two counts of distributing obscene material. The charges arose from their participation in the exhibition of two motion picture films, "Experiments in Love" and "The Starlets." *Held:*

1. We reject the contention that the evidence was insufficient because the films were never formally admitted into evidence. The films were both offered as evidence, and the defendants' objections to them were overruled. They were then shown to the jury and were treated in all respects as if they had been admitted into evidence. They thereby became a part of the evidence in the case even though there was no formal ruling by the trial court admitting them. See *Ga. Excelsior Co. v. Hartfelder-Garbutt Co.,* 12 Ga. App. 797 (78 SE 611) (1913); *Savannah Elec. Co. v. Lowe,* 27 Ga. App. 350 (5a) (108 SE 313) (1921); *Pierce v. State,* 147 Ga. App. 529 (3) (249 SE2d 338) (1978).

2. Following an independent review of the films, which we are required to make under Jenkins v. Georgia, 418 U. S. 153, 160 (94 SC 2750, 41 LE2d 642) (1974) (see *Dyke v. State,* 232 Ga. 817, 821 (209 SE2d 166) (1974)), we have concluded that they amount to nothing more than a "public portrayal of hard core sexual conduct for its own sake, and for the ensuing commercial gain" and, thus, that they are not protected by the first amendment. Miller v. California, 413 U. S. 15, 35 (93 SC 2607, 37 LE2d 419) (1973). We also find that the films are obscene within the definition of Code Ann. § 26-2101 (b). Indeed, the defendants do not even contend that the material has any serious literary, artistic, political or scientific value.

3. There was ample circumstantial evidence to support the jury's conclusion that the defendant Clayton was an active participant in exhibiting the films to the public rather than, as he contends on appeal, an innocent bystander. Clayton was present in the projection booth when the arresting officers arrived, and it was he who turned off the projector and removed the film in response to the officers' demand for it. The officers subsequently observed his being paid $25 from the theater receipts. This evidence is inconsistent with the hypothesis that he had nothing to do with exhibiting the films, particularly since he never took the stand to explain his actions or to deny his involvement. On the basis of this evidence, we must also reject Clayton's claim that he was entitled to a mistrial when one of the arresting officers referred to him at trial as "the projectionist."

4. In apparent disregard of a previous court ruling that the evidence was inadmissible, the state elicited testimony from one of the arresting officers that defendant Patricia Hall had admitted being the cashier at the theater where the film was being shown. The defense moved for a mistrial. The trial court instructed the jury to disregard the testimony and denied the motion, noting that the admission was merely cumulative of other evidence showing that this defendant was the cashier. We find no abuse of discretion.

5. Due to the poor quality of the films, there were seven interruptions during the screening at trial, ranging in length from 2-1/2 to 10 minutes. The defendants moved for a mistrial on the ground that these interruptions spoiled the artistic effect of the movie. They contend on appeal that "[i]t is as if the jury has been shown a smeared, cut-up Rubens, not the picture as a whole."

Although much argument was directed to the trial court on this motion, it appears that the parties moved on to other issues without ever invoking a ruling on it. Certainly, we are cited to no such ruling in the record. "Except as to matters of appellate procedure, the appellate courts are without jurisdiction to pass on a question concerning which the ruling of the trial judge was not invoked." *Durham v. Pitts,* 101 Ga. App. 437, 438 (114 SE2d 217) (1960). See also *Rozar v. State,* 93 Ga. App. 207 (2) (91 SE2d 131) (1956); *Bell v. Brewton,* 139 Ga. App. 463 (5) (228 SE2d 600) (1976).

No error appearing for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Webb, P. J., and Underwood, J., concur.*

SUBMITTED JANUARY 4, 1979 — DECIDED MARCH 16, 1979.

*William M. Warner,* for appellants.

*Hinson McAuliffe, Solicitor, Leonard W. Rhodes, James L. Webb, Andrew J. Hairston, Assistant Solicitors,* for appellee.