## 63213. KING v. STATE.

Banke, Judge.

The defendant appeals his conviction for burglary, contending that the evidence was insufficient for conviction, that his arrest was without probable cause, and that certain evidence should have been excluded for this reason. The facts concerning his arrest are not in dispute. The time was about 8 o'clock on a Saturday morning. The police department had received several calls from local businesses about a person "with a bag full of . . . change" who was seeking paper currency in exchange for the coins. Deputy Ellis proceeded to the area and observed the defendant in the parking lot of a service station. Ellis at this time did not suspect the defendant of having committed any crime and was unaware that three local businesses had been broken into sometime between midnight and 7:00 a.m. He approached the defendant, informed him that there had been a complaint about "someone trying to change money," and asked if he was the one. The defendant replied that he was, but stated that he had not done anything wrong and that he had won the money gambling. Officer Ellis then informed him that gambling was against the law and placed him under arrest.

The state contends on the one hand that the officer's initial approach to the defendant was a permissible detention under the "articulable suspicion" concept of Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), and on the other hand that there was no detention until the arrest for gambling occurred. *Held:*

1. Not every encounter between the police and a citizen is an intrusion which requires a reasonable suspicion of wrongdoing. "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Terry v. Ohio, supra, at 19, fn. 16. "The purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizenry, but 'to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals.' United States v. Martinez-Fuerte, 428 U. S. 543, 554. As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification. Moreover, characterizing every street encounter between a citizen and the police as a 'seizure,' while not enhancing any interest secured by the Fourth Amendment, would impose wholly unrealistic restrictions upon a wide variety of legitimate law enforcement practices . . . [A] person has been seized

within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U. S. 544, 553 (100 SC 1870, 64 LE2d 497) (1980). On the facts before us, we conclude there was no unlawful detention during the brief encounter prior to the arrest of the defendant, which was based on his volunteered admission that he had obtained the bag of change gambling. We also conclude that the arrest, without a warrant was proper. "An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Code § 27-207. " 'This applies to arrests for misdemeanors as well as for felonies ... [Cits.]' ... 'We think that the words 'in his presence' . . . and the words 'within his immediate knowledge' ... are synonymous. To justify the arrest without warrant, the officer need not see the act which constitutes the crime take place, if by any of his senses he has personal knowledge of its commission.' " *Lynn v. State,* 130 Ga. App. 646 (1) (204 SE2d 346) (1974).

2. The defendant was indicted on three separate burglary counts. After granting a defense motion to sever two of those counts, the trial court allowed evidence of the other two to be admitted over defense objection. The general rule is that evidence of criminal acts, other than the one being tried, are inadmissible as tending to place the defendant's character in evidence. See Code Ann. § 38-202. This is true "unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). "Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515) (1977). The three businesses were located within 100 yards of each other and were broken into within hours of each other. Evidence found at each of the other locations linked the defendant to all three crimes and was relevant to identify him as the perpetrator since it established a course of conduct.

3. The admission in evidence of soil samples from the crime scene over the objection that they were only similar to soil found on the defendant's shoes is not ground for reversal. The evidence was admissible, and its weight was for the jury to decide. See *Lewis v. State,* 158 Ga. App. 586 (281 SE2d 331) (1981).

4. The record contains abundant evidence upon which a

rational trier of fact could find the defendant guilty beyond a reasonable doubt.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 23, 1982.

*Robert W. Chasteen, Jr.,* for appellant.
*Gary Christy, District Attorney,* for appellee.