## 66122. ZOW v. THE STATE.

BIRDSONG, Judge.

The sole enumeration of error in this appeal from appellant's rape conviction concerns the trial court's decision to limit appellant's counsel in his re-direct examination of appellant. This enumeration arises from the sustaining of a state's objection to certain questions relating to Zow's observation of the demeanor of the prosecutrix during her testimony at a previous trial of this case. The former trial resulted in a mistrial. Appellant's counsel examined his client as follows:

"Q: Mr. Zow, do you recall the former trial in this case? The first trial in this case?

"A: Yes, sir.

"Q: Were you here during that trial?

"A: Yes, sir.

"Q: During the entire trial?

"A: Yes, sir.

"Q: Were you here during the testimony of Paula Zimmerman during that time?

"A: Yes, sir.

"Q: Did you sit through her entire testimony?

"A: Yes, sir.

"Q: Did you listen to it?

"A: Yes, sir.

"Q: Did you observe it?

"A: Yes, sir.

"Q: Did you observe her?

"A: Yes, sir.

"Q: Do you recall her ever crying during that testimony?

"A: No, sir. She was smiling and, you know, just like any normal

person would act.

"Q: What do you mean by smiling?

"A: You know, she had grins on her face on replying to answers.

"Q. Do you recall when the District Attorney asked her in that first trial what you did to her in the back seat of the car? He asked her, he raped you; didn't he? And, she said, yes —"

At this point, state's counsel objected to further questions concerning the demeanor of the prosecutrix at the former trial. After a proffer of the evidence by appellant, the trial court sustained the objection. However, there was no motion to strike this testimony nor was it removed from the jury's consideration.

Although we ostensibly are called upon to determine whether a defendant may impeach the demeanor of a state's witness at a subsequent trial by introducing evidence of her demeanor at a former trial, the record in this case removes from us the necessity of reaching that question. It is clear beyond any doubt that appellant was permitted to present to the jury the desired testimony, i.e., that the prosecutrix' alleged emotional outbursts at this trial were inconsistent with her demeanor on the witness stand at the first trial. The above-quoted excerpt from appellant's testimony shows that the jury heard evidence that the prosecutrix was smiling during her entire testimony at the former trial. The proffered testimony, which the court excluded, was as follows:

"Q: (Mr. Berry) Mr. Zow, do you recall in the first trial Mr. Chamberlin was asking Mrs. Zimmerman about the incident in the back seat of your car, and he asked her what you did to her and she said he raped me, he raped me; do you recall that?

"A: Yes, sir.

"Q: All right. Do you recall what she did when she answered that question?

"A: She was smiling.

"Q: All right. And, then the next time Mr. Chamberlin went into the next contact between you and her and he asked what did he do to you again in the back seat of the car, and she replied he raped me. Do you recall what her reaction was when she said that?

"A: Yes, sir.

"Q: What was it?

"A: Again smiling."

It is clear that this rejected offer of testimony was merely cumulative of appellant's unequivocal and succinct testimony already before the jury. "The extent of re-direct examination of a witness is left to the trial judge's sound discretion." *Hortman v. Gresham,* 137 Ga. App. 253 (2) (223 SE2d 285) ; *Watson v. State,* 153 Ga. App. 545, 548 (265 SE2d 871). Inasmuch as the proffered

testimony on re-direct was merely cumulative of appellant's prior testimony, there can be no abuse of discretion in the trial court's decision to sustain the state's objection. *Hortman,* supra. Further, the purely cumulative nature of the testimony rendered any assumed error by the trial court harmless. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869); *Jefferson v. State,* 159 Ga. App. 740 (3) (285 SE2d 213).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 16, 1983.

*Stephen L. Berry,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, James A. Chamberlin, Assistant District Attorney,* for appellee.