70083. McDADE et al. v. THE STATE.
(332 SE2d 672)

SOGNIER, Judge.

Jimmy Freeman McDade, Jimmy Kenneth McDade and Mildred R. McDade were convicted of violation of the Georgia Controlled Substances Act by possession with intent to distribute marijuana. Jimmy Freeman McDade was also convicted of possession of a firearm by a convicted felon. As appellants' enumerations of error are identical, they will be considered together.

1. Appellants contend the evidence is insufficient to support their convictions, and that it was error to deny their motions for a directed verdict of acquittal.

The evidence disclosed that on November 21, 1983 appellant called the sheriff's office complaining that a neighbor had fired into appellant's trailer. While investigating the complaint a sheriff's investigator entered appellant's trailer to check for damage and observed a rifle and shotgun in appellant's living room. A few days later the investigator remembered seeing a "rap sheet" on Jimmy Freeman McDade indicating that he was a convicted felon. The investigator verified this information and obtained a certified copy of Jimmy Freeman McDade's conviction of a sexual assault. He obtained a search warrant for appellants' trailer for firearms and ammunition, and when he entered the trailer to execute the warrant observed a rifle on the bar and another rifle in a gun rack. A holstered pistol was laying on a coffee table and a plastic bag containing seeds and green leafy material was on top of the pistol. Another plastic bag containing seeds was on the floor under the table. Continuing the search for firearms and ammunition some draperies or blankets on the living room floor were moved and a number of plastic bags were clearly visible in a hot air heater underneath the blankets. Two more shotguns were found in a bedroom and other green leafy material was found in one of the bedrooms, including "roaches" (partially smoked marijuana cigarettes) in

an ashtray. Some scales of a type used to weigh drugs were found, and a police band scanner was in the living room together with a list of radio frequencies for State, local and several county police frequencies. The "green leafy material" was determined to be marijuana.

Appellants first argue that mere presence at the scene of a crime is not sufficient to support a conviction. While we agree with this general rule, it has no application to the instant case, as the trailer searched was the appellants' permanent residence. Appellants' reliance on *Russell v. State,* 132 Ga. App. 35 (207 SE2d 619) (1974) to support their "mere presence" argument is misplaced, as *Russell* involved *guests* who were present when marijuana was found, not permanent residents in the trailer.

Appellants also argue that the equal access rule precludes sustaining their conviction because the contraband was found in a common area to which many people had access. This argument is not supported by the transcript, as the evidence shows that appellants were the only occupants of the trailer and had no visitors during a nine-day period after the search warrant was issued and before it was executed. Here the appellants — father, mother and son — resided in the trailer and the bulk of the marijuana was found in a common area, the living room. The equal access rule has no application under the facts of this case where, as here, all persons having access to the contraband are alleged to have been in joint, constructive possession of that contraband. *Castillo v. State,* 166 Ga. App. 817, 822 (2) (305 SE2d 629) (1983).

Appellants argue that the evidence as to possession of the marijuana with intent to distribute was circumstantial and did not exclude every reasonable hypothesis save that of appellants' guilt. We do not agree.

The marijuana was in appellants' trailer, they were the only occupants of the trailer and they had no visitors from December 21, 1983 to December 30, 1983 when the marijuana and firearms were found. The marijuana found in the hot air register was contained in eight separate packages and this, together with the scales for weighing drugs, would indicate that the marijuana was to be distributed. No defense evidence was presented, and the question of whether there was a reasonable hypothesis favorable to the appellants was a question for the jury. *Jones v. State,* 165 Ga. App. 36, 38 (1) (299 SE2d 576) (1983). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560), and thus, it was not error to deny appellants' motions for directed verdicts of acquittal. *Humphrey v. State,* 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. a. Appellants contend the search warrant was void because of "staleness." This enumeration of error is without merit. After observ-

ing guns in appellants' trailer on November 21, 1983, the investigator remembered seeing a "rap sheet" on Jimmy Freeman McDade indicating that he was a convicted felon. The investigator spent from December 1 to December 9, 1983 verifying this information, ascertaining that McDade had no permission to possess firearms and obtaining a certified copy of the conviction from the Fulton County Superior Court. Based on this information the investigator obtained a search warrant for firearms and ammunition on December 21, 1983. Appellants contend the delay from November 21 to December 30, 1983, when the warrant was executed, is prima facie unreasonable. We do not agree.

Time alone is inadequate to resolve questions of staleness of information because the ultimate question is whether, under the facts and circumstances of a particular case, information about evidence is so fresh that there is probable cause to believe the evidence still exists in the same place, or is so stale that such a conclusion of probable cause is unreasonable. *Black v. State,* 167 Ga. App. 204, 205 (1) (305 SE2d 837) (1983). Firearms are not the type of items that are disposed of after use, as would be the case with drugs or other disposable items. In the instant case some of the weapons were in a gun rack, indicating they were kept permanently. Thus, we do not find information concerning the observation of the guns on November 21, 1983, stale after 30 days. Accordingly, this enumeration is without merit.

b. Appellants also contend there was no probable cause for issuance of the search warrant. The affidavit supporting the application for a search warrant set forth that Investigator Garrison observed one rifle, one shotgun and ammunition in Jimmy F. McDade's trailer on November 21, 1983; that McDade pointed at the guns and stated to Garrison that McDade had trouble with his neighbors before and if they were going to shoot at McDade's trailer he was going to protect his family; that McDade had a felony conviction for sexual assault; and that records at the Butts County tax assessor's office showed that Jimmy F. McDade owned the weapons referred to in the affidavit. This information is sufficient to establish probable cause under the "totality of the circumstances" made known to the magistrate. *Illinois v. Gates,* 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983). Under the holding in *Gates,* the task of the magistrate is simply to make a practical, common sense decision whether under the circumstances set forth in the affidavit there is a fair probability that contraband or evidence of a crime will be found in a particular place. "Our duty as a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *State v. Hockman,* 171 Ga. App. 504, 505-506 (320 SE2d 241) (1984). We find that the magistrate had a substantial basis for concluding that probable cause existed. Hence, this enumeration of error is without

merit.

3. Lastly, appellants contend the scope of the search exceeded the warrant. Appellants argue that the search for one rifle and one shotgun became an exploratory search. This enumeration is not supported by the transcript. The search warrant authorized a search for "[f]irearms and ammunition" on the person or premises of Jimmy F. McDade. This would authorize a search of the entire trailer in any place in which firearms or ammunition might be kept, and was not limited to a search for one rifle and one shotgun. During the search the marijuana found was either in plain view or came into view and was discovered inadvertently while the officers were searching for firearms or ammunition. See *Coolidge v. New Hampshire*, 403 U. S. 443 (91 SC 2022, 29 LE2d 564). "Where the initial intrusion that brings police within plain view of an incriminating item of property is supported . . . by a lawful warrant . . . the seizure of that property for use as evidence is also legitimate." *United States v. Roach*, 590 F2d 181, 184-185 (4) (1979); *Coolidge*, supra at 466. Since the police were lawfully in appellants' trailer and the marijuana seized was either in plain view or discovered inadvertently, the police did not exceed the scope of their legitimate search for firearms and ammunition.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JUNE 5, 1985 —
REHEARING DENIED JUNE 24, 1985 —

*Randall Peek, Steven T. Maples, David R. Rogers*, for appellants.

*E. Byron Smith, District Attorney*, for appellee.