73764, 73765. MIDURA v. THE STATE (two cases).
(359 SE2d 416)

BENHAM, Judge.

Appellants Julie and Henry Midura (Ed) were convicted of possession of marijuana with intent to distribute. In the second portion of a bifurcated trial, Ed Midura was convicted of the possession of firearms by a convicted felon. On appeal, appellants take issue with the sufficiency of the evidence, the denial of their motion to suppress, and the effectiveness of trial counsel.

1. The State presented evidence that approximately 2-½ pounds of marijuana were seized during a search of appellants' home. An assortment of drug paraphernalia and a triple beam scale were also found. The officers seized several weapons, including a Kurz .380 semi-automatic pistol and several Smith and Wesson semi-automatic pistols. The presence of the marijuana in appellants' home, coupled with the quantity of marijuana and the presence of scales used to weigh drugs, was sufficient evidence of possession of marijuana with an intent to distribute. See *McDade v. State*, 175 Ga. App. 204 (1) (332 SE2d 672) (1985).

2. Appellant Ed Midura's contention that the evidence was not sufficient to convict him of possessing firearms while a convicted felon because the weapons were not tendered into evidence is without merit. *Clayton v. State*, 149 Ga. App. 374 (1) (254 SE2d 495) (1979). He also contends that the evidence submitted in assessing punishment as a recidivist (see OCGA § 17-10-7 (a)) is insufficient in light of the State's use of "uncounselled" convictions from Clayton County. Inasmuch as it was incumbent upon appellant to provide a transcript of the proceeding (*Chancey v. State*, 256 Ga. 415 (11) (349 SE2d 717) (1986)) and none has been filed, we must assume that the evidence presented at the sentencing hearing supported the sentence imposed by the trial court. See *Wallace v. State*, 166 Ga. App. 900 (305 SE2d 674) (1983).

3. Both appellants maintain they were denied effective assistance of counsel at trial. Because appellants are represented on appeal by counsel other than trial counsel, and no motion for new trial was filed, "we remand the case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel. *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986)." *Hambrick v. State*, 256 Ga. 148 (5) (344 SE2d 639) (1986).

4. Appellate counsel, by expressly adopting the arguments of the allegedly ineffective trial counsel, asserts as error the denial of appellants' motion to suppress evidence seized during a search of their residence and vehicles executed pursuant to a search warrant. Appellants maintain that the scope of the search warrant was overbroad and that the warrant was issued without probable cause in that the reliability of the informant was not demonstrated, and the information given by the informant was stale.

The affiant officer based his February 19, 1985, affidavit upon information received from a "noninformant hearsay declarant" (*Devier v. State*, 247 Ga. 635 (5) (277 SE2d 729) (1981)), who was identified in the affidavit and who had admitted her participation in ongoing criminal activity concerning the acquisition and distribution of large quantities of marijuana and cocaine. The officer related that the declarant had told him she had witnessed the purchase of two bales of marijuana from appellant Ed Midura (procured from the basement of his residence) in December 1984, and three additional purchases of "pounds of marijuana and a large volume of cocaine" during December 1984 and January 1985. The declarant stated that appellant Ed Midura was the supplier for a number of other drug dealers, which information coincided with "known intelligence" on the dealers. The affiant found the Midura residence as described by the declarant, and also found Ed Midura to have been twice convicted of drug violations and arrested on drug charges five other times. A GBI agent supplied the affiant with information indicating appellant Ed Midura had been

"in the business of buying and selling drugs over the past 3 years . . . ."

" 'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . concluding" that probable cause existed.' " *State v. Luck*, 252 Ga. 347, 348 (312 SE2d 791) (1984). Inasmuch as the declarant was named, was a declarant against penal interest, and her statements were based upon personal observation, the magistrate had a substantial basis for crediting her hearsay. *Lewis v. State*, 255 Ga. 101 (2) (335 SE2d 560) (1985); *Devier v. State*, supra; *Peacock v. State*, 170 Ga. App. 309 (1) (316 SE2d 864) (1984).

Appellants also argue that the declarant's information was stale, noting the warrant was issued approximately one month after the declarant's observation of appellants' purported criminal activity. "Time is assuredly an element of the concept of probable cause. [Cit.] However, the precise date of an occurrence is not essential. Rather, the inquiry is as to whether the factual statements within the affidavit are sufficient to create a reasonable belief that the conditions described in the affidavit might yet prevail at the time of issuance of the search warrant. [Cit.] When the affidavit indicates the existence of an ongoing scheme to sell drugs, the passage of time becomes less significant than would be the case with a single, isolated transaction. [Cit.]" *State v. Luck*, supra at 347. The trial court did not err in failing to find the declarant's information stale.

Appellants base their contention that the search warrant was overbroad on their assertion that their residence is a duplex and the police had probable cause to search the basement apartment only. However, appellant Linda Midura admitted that the outward appearance of the home was that of a single-occupancy structure, and that she and her husband had access to the basement apartment, a portion of which was used by her as a jewelry workshop. See *Bing v. State*, 178 Ga. App. 288 (1) (342 SE2d 762) (1986). Appellants also complain of the search of two vehicles, one of which was identified with particularity in the search warrant application, that were on the premises when the officers executed the search warrant. "A warrant which authorizes the search of a particular dwelling extends by implication to areas within the curtilage of the dwelling." *Landers v. State*, 250 Ga. 808, 809 (301 SE2d 633) (1983). Vehicles parked within the curtilage of a dwelling to be searched pursuant to a warrant may also be searched pursuant to that warrant. Id.; *Bellamy v. State*, 134 Ga.

App. 340 (214 SE2d 383) (1975).

5. In appellant Ed Midura's final enumeration of error, he contends that testimony concerning post-arrest conversations he had with police officers should not have been admitted. Appellant has not cited authority for his position and has failed to support his enumerated error with "specific reference to the record or transcript. . . ." Court of Appeals Rule 15 (c) (3) (i). Therefore, we will not consider appellant's argument. *Watson v. State*, 153 Ga. App. 545 (4) (265 SE2d 871) (1980).

*Judgments affirmed and cases remanded. Banke, P. J., concurs. Carley, J., concurs specially.*

CARLEY, Judge, concurring specially.

I completely concur in the majority opinion. I write only to discuss more fully the remand of the case "for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel" as set forth in Division 3 of the majority opinion. I agree, of course, that *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986) and *Hambrick v. State*, 256 Ga. 148 (5) (344 SE2d 639) (1986) mandate the remand of a case in the procedural posture we find here. However, *Smith* and *Hambrick* are silent with regard to the actual effect of affirming the judgment and still remanding for further hearing. Nevertheless, I think we can ascertain the intent of the Supreme Court by the fact that, subsequent to the first decision in *Smith,* the case came back to the Supreme Court on another *direct appeal.* In the second appearance of the case, the Court stated: "We remanded to the trial court for a determination of [the issue of denial of ineffective assistance of counsel]. The trial court held a hearing, made findings of fact, and entered an order holding that Smith had not been denied effective assistance of counsel. We have reviewed the record, and because the findings of the trial court are not shown to be clearly erroneous, we affirm." *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986). Thus, I believe that it is clear that the effect of an appellate court's affirming the judgment and remanding in accordance with the mandates of *Smith* and *Hambrick* is to end the case as far as the appellate court is concerned until and unless a notice of appeal is filed by the defendant after an adverse ruling subsequent to the holding of the required hearing and the entry of the required findings concerning the issue of effective assistance of counsel. Of course, should the trial court find ineffective assistance of counsel requiring the grant of new trial, the new trial would proceed. Therefore for all purposes, this particular case has been completed from the appellate review standpoint and will not reappear here except by virtue of a new notice of appeal from some future order entered by the trial court.

DECIDED JULY 2, 1987.

*Billy L. Spruell*, for appellant.
*Rafe Banks III, District Attorney, T. Russell McClelland II, Assistant District Attorney*, for appellee.