76252. SMITH v. THE STATE.
(369 SE2d 307)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of the offense of burglary. Appellant appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. Appellant enumerates the general grounds. After a review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the admission into evidence of testimony concerning a statement made by him to a police officer. Appellant's contention is that this statement was the inadmissible prod-

uct of an illegal arrest.

The investigating officer testified, that, at the time of his conversation with appellant, appellant was not under arrest and was free to walk away. Thus, the trial court was authorized to find that appellant's statement to the officer was not the product of any arrest, illegal or otherwise. "Not every encounter between the police and a citizen is an intrusion which requires a reasonable suspicion of wrongdoing. 'Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a "seizure" has occurred.' [Cit.] 'The purpose of the Fourth Amendment is not to eliminate all contact between the police and the citizenry, but "to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals." [Cit.] As long as the person to whom questions are put remains free to disregard the questions and walk away, there has been no intrusion upon that person's liberty or privacy as would under the Constitution require some particularized and objective justification. Moreover, characterizing every street encounter between a citizen and the police as a "seizure," while not enhancing any interest secured by the Fourth Amendment, would impose wholly unrealistic restrictions upon a wide variety of legitimate law enforcement practices . . . (A) person has been seized within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' [Cit.] On the facts before us, we conclude there was no unlawful detention during the brief encounter prior to the arrest of the [appellant]. . . ." *King v. State*, 161 Ga. App. 382, 382-383 (1) (288 SE2d 644) (1982).

The evidence also clearly authorized a finding that appellant's statement to the officer was not the product of custodial interrogation. Accordingly, the failure of the police officer to have read appellant his *Miranda* rights was no basis for excluding evidence of appellant's statement. The trial court did not err in allowing into evidence the officer's testimony concerning appellant's pre-arrest statement.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 28, 1988.

*Carl Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Patricia G. Higginbotham, Assistant District Attorney*, for appellee.