## 77816. MIDURA et al. v. THE STATE.
(377 SE2d 20)

DEEN, Presiding Judge.

In July 1987 this court affirmed the convictions of appellants Ed and Julie Midura on counts of possession of marijuana with intent to distribute and, with respect to Ed Midura, possession of firearms by a convicted felon. *Midura v. State*, 183 Ga. App. 523 (359 SE2d 416) (1987). One of the issues raised by both appellants on that appeal was ineffective assistance of counsel in the court below, and this court remanded the case to the trial court "for a hearing and appropriate findings." Id. at 524. Ed Midura appeals from the judgment entered in April 1988 after a hearing pursuant to the remand; Julie Midura appeals both from that judgment and from the May 24, 1988, order making expressly applicable to her the April order denying Ed Midura's motion to set aside the prior judgment. They enumerate as error the trial court's finding that appellants had adequate counsel at trial and that the order making the prior judgment applicable to Julie Midura was proper. The Miduras are represented on appeal by a different attorney than the one who represented them at trial. *Held*:

According to the record, Ed Midura entered into a plea-bargaining agreement relative to one of the charges against him and in connection therewith provided certain information. The trial court did not accept the agreement and permitted Midura to withdraw his guilty plea. After Midura had been found guilty, the judge, in view of Midura's status as a recidivist with four prior convictions, imposed a substantial sentence. Midura contends that his trial attorney demonstrated his ineffectiveness by failing to insist on specific performance of the plea-bargaining agreement, and he relies on *Santobello v. New York*, 404 U. S. 257 (92 SC 495, 30 LE2d 427) (1971), in support of his contention. Study of the record reveals that this was the case cited

by the trial attorney as preventing him from insisting on specific performance and accepting, instead, the trial court's offer to permit withdrawal of the guilty plea.

We agree with the trial attorney and with the trial court that this act and/or decision by the trial attorney did not prove ineffectiveness. It was rather, simply an intelligent reading of the law and a matter of trial strategy and therefore did not constitute error. *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974). See *Smith v. State*, 255 Ga. 654 (341 SE2d 5) (1986). Compare *Lloyd v. State*, 258 Ga. 645 (373 SE2d 1) (1988); *Weeks v. State*, 258 Ga. 662 (373 SE2d 21) (1988); *Hightower v. State*, 189 Ga. App. 553 (376 SE2d 717) (1988) (dissenting opinion). Moreover, we agree with the court below that even if, *arguendo*, this were error, it is highly probable that it did not contribute to the conviction. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. Sognier and Carley, JJ., concur.*

DECIDED NOVEMBER 28, 1988.

*Billy L. Spruell*, for appellants.

*Rafe Banks III, District Attorney, T. Russell McClelland III, Assistant District Attorney*, for appellee.