## A92A1579. LUFBURROW v. THE STATE.
### (425 SE2d 368)

BIRDSONG, Presiding Judge.

Lynn M. Lufburrow appeals her conviction for driving under the influence. She contends the trial court should have quashed the accusation because she was arrested without a warrant; that she was entitled to a dismissal on grounds that no officer had seen her commit the traffic violation alleged; that the finding of guilty cannot stand because police officers refused to administer a chemical test after advising her she had the right to such a test and when she had requested such test be given; and that the evidence does not prove beyond a reasonable doubt she was in actual custody of a moving vehicle while intoxicated.

The cashier at the convenience store where appellant was arrested testified she saw appellant drive into the parking lot, saw the headlights flash up and down and heard the car hit the curb and bounce back; the cashier thought appellant was going to drive over the curb. Appellant stayed in the car and the cashier saw her head hanging down; after a few minutes the cashier went outside and knocked on the car window. The car's lights were on and the engine was "revving" high. When the police arrived, they shook appellant several times but could not awaken her, so they roused her with a capsule of ammonia. She stumbled out of the car and was very unsteady; her eyes were bloodshot and her speech was slurred. A half-full bottle of vodka was in the passenger seat. She was arrested for DUI. The police tried to put her in the police car; she resisted and started flinging her arms. Finally she was handcuffed and placed in the police car. She was verbally and physically abusive. At the police department, appellant refused to go inside and began kicking the officer; after a violent struggle, she was taken to the jail. She was so hostile that the officers were not able to give her an intoximeter test. According to police, appellant did not request that she be given an independent chemical test. *Held*:

1. There was direct evidence that appellant was seen driving and in actual physical control of a moving vehicle while impaired and under the influence of alcohol, in violation of OCGA § 40-6-391. Under all the evidence, we find the evidence sufficient to enable a rational trier of fact to find appellant's guilt of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant was not entitled to have the accusation quashed on grounds that the officer did not procure a warrant before arresting her. The officer plainly had authority under OCGA § 17-4-20 (a) to arrest appellant, either because the offense was committed within his immediate knowledge, or because there was likely to be a failure of

justice otherwise. The officer need not see the act which constitutes the crime, if by any of his senses he has personal knowledge of its commission. *King v. State*, 161 Ga. App. 382, 383 (1) (288 SE2d 644). An offense is committed in the presence of an officer when his senses give him knowledge the offense was committed. *Novak v. State*, 130 Ga. App. 780, 781 (204 SE2d 491). The store cashier saw appellant driving the moving vehicle and so reported; the officers found appellant passed out at the wheel of her vehicle with its motor running and lights on, and it was apparently owing only to the fact that she was unconscious that she was not in fact driving or the vehicle was not in fact "moving." See OCGA § 40-6-391 (a). It was not necessary that the arresting officer actually see appellant driving or in physical control of a moving vehicle since, in the circumstances of this case, she was too drunk to be actually "driving" a "moving" vehicle, and the police had probable cause to enable them reasonably to conclude she had committed the offense. See *Watson v. State*, 153 Ga. App. 545 (1) (265 SE2d 871). Obviously it would have been a "failure of justice" (OCGA § 17-4-20 (a)) if the police had left appellant in the car, perhaps to drive away, while they went looking for a magistrate.

3. For the reasons given in Division 2, appellant was not entitled to a dismissal of the accusation under OCGA § 17-4-23 (a), on grounds the officers did not actually see her drive the vehicle or have actual physical custody of a moving vehicle, or were not so informed by another law enforcement officer. OCGA § 17-4-23 does not prevent police from making an arrest merely on grounds they did not see the offense being committed, where they have probable cause under the law to believe the offense was committed. Police were informed that appellant was seen directly driving the vehicle; there was no one else in the car, nor was anyone else seen in the car, so it was obvious to the officers that she had driven the car while she was intoxicated. She was in actual control of the car though it was not "moving," for the apparent reason that she was too drunk to make it move, and she had not relinquished control of the vehicle, but was still sitting at the wheel with the engine running and lights on.

4. The evidence shows appellant refused to permit any chemical tests to be administered to her and did not ask to be given an independent test. In any event, OCGA § 40-6-392 gives an accused the right to an independent chemical test when there has been a test administered at the request of law enforcement officers; appellant did not have the right to refuse the police-administered test and demand one of her own choosing.

*Judgment affirmed. Andrews, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in Divisions 1 and 4 but not entirely in what is said in Divisions 2 and 3.

Defendant was lawfully arrested because there was probable cause to believe that she had been "driving" or had been "in actual physical control of [a] moving vehicle" moments before the police came upon her, based on what they observed, even if the vehicle was not then moving and she was unconscious and not in actual physical control when they came upon her. This arrest was authorized by OCGA § 17-4-20 (a), because there would have been a failure of justice had the police delayed to get a warrant. She would have been free to drive off in her inebriated condition.

She was tried on a uniform traffic citation certified and issued by the arresting officer subsequent to her arrest, which is authorized by OCGA § 17-7-71 (b) (1).

There was thus no valid basis for quashing or dismissing the citation, which was a substitute for a formal accusation.

DECIDED NOVEMBER 12, 1992.

Lynn Lufburrow, *pro se.*
*Sidney J. Flowers, Solicitor, Jones, Osteen, Jones & Arnold, Jeffery L. Arnold*, for appellee.