67559. HARTMAN v. THE STATE.

McMURRAY, Chief Judge.

Defendant was indicted for the offense of rape. He was convicted of aggravated assault and sentenced to serve 10 years. Defendant appeals. *Held:*

1. The defendant's first enumeration of error is that the evidence is insufficient to support the conviction. It is noted here that the jury in returning the verdict in open court found the defendant guilty of aggravated assault with intent to rape. After colloquy between the court and jury and counsel, the "with intent to rape" was stricken from the verdict, and the verdict was shown as guilty of aggravated assault. OCGA § 16-5-21 (a (1)) (formerly Code Ann. § 26-1302 (Ga. L. 1968, pp. 1249, 1280; 1976, p. 543; 1982, p. 1242)) provides, in part, that the offense of aggravated assault occurs when there is an assault *with intent to rape.* We do not here speculate as to what evidence the jury chose to believe, but apparently the jury did not believe the defendant and not all the victim's testimony since she testified that the crime of rape was committed. Nevertheless, under the totality of the evidence, in which it is shown she was severely beaten, there was ample proof from which the jury could determine that the crime of aggravated assault occurred when she was assaulted by the defendant with the intent to rape her whether or not all the elements of rape occurred. Clearly, the evidence was sufficient (upon our examination of same) to convince a rational trier of fact (the jury in the case sub judice) of the defendant's guilt beyond a reasonable doubt of the lesser offense of aggravated assault. See *Green v. State*, 249 Ga. 369, 370 (1) (290 SE2d 466); *Davis v. State*, 249 Ga. 309, 310 (290 SE2d 273); *Moore v. State*, 240 Ga. 807, 811 (II (1)) (243 SE2d 1). We find no merit in this complaint.

2. In the remaining enumeration of error the defendant contends

that the trial court erred in "omitting proof of the State's complaining witness having been convicted of a crime involving the use of foul language [a misdemeanor]" thereby abridging the defendant's right to a thorough and sifting cross-examination when she testified that the defendant was using terrible language and denied that she was using terrible language back and that she did not use that kind of language. Objection was made that this line of questioning was not relevant and had nothing to do with the facts of the case. Whereupon, the trial judge instructed defense counsel that she was not going to allow him to go into any conduct prior to that night when the alleged rape occurred. After further colloquy the trial judge stated she would sustain objection to any question as to whether the witness had ever cursed at anytime in her life, and the trial judge further ruled that it was not relevant whether she had ever used abusive language, the state contending that the witness could not be impeached on an irrelevant collateral issue. We find no proof offered by defendant of the victim's conviction, and the court did not omit any proof of the state's complaining witness ever "having been convicted of a crime involving the use of foul language." In general, the trial court has a wide discretion in determining relevancy and materiality of the evidence. See *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408). Further, a witness cannot be impeached by proving contradictory statements previously made by her as to matters not relevant to her testimony and to the case. See *Luke v. State*, 184 Ga. 551 (3) (192 SE 37). Whether or not defense counsel was attempting to impeach the witness by showing that she had been previously convicted of using abusive language thus contradicting her testimony here, we find no such attempt. The trial court did not err in sustaining objection to the examination of the witness relating to her use of abusive language at the time of the incident in question, the same being irrelevant and immaterial. We find no merit in this complaint.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 9, 1984.

*H. Haywood Turner III,* for appellant.
*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.