43720, 43721. WILLIAMS v. THE STATE (two cases).
(351 SE2d 454)

HUNT, Justice.

Danny Williams was convicted of the murder of Wayne Ingram. He was tried by a jury and found guilty and sentenced to life imprisonment. He appeals raising issues of the legality of the search for the murder weapon and the propriety of the instructions to the jury.[1]

On May 6, 1985, the defendant's cousin, Patrick Williams, and a friend, Michael Allen, visited the defendant at the defendant's father's apartment. During the visit, Patrick Williams mentioned to the defendant that the victim had taken some marijuana from Patrick several months earlier but had subsequently paid for it. On May 8,

---

[1] The crime was committed on May 8, 1985, and the defendant was indicted by a Rockdale Grand Jury during the April 1985 term. The jury returned a verdict on October 21, 1985, and the defendant was sentenced to life in prison. A motion for new trial was filed on November 27, 1985, and denied on June 3, 1986. A notice of appeal was filed on June 12, 1986. The record was docketed in this court on August 13, 1986, and the case was submitted for decision without oral argument on September 5, 1986.

1985, the defendant, Patrick Williams and Michael Allen, went to a birthday party for the victim. At trial several witnesses testified that the defendant wore a shoulder holster and had a weapon at the party, and that the defendant stated the gun was for protection, that "his family meant a whole lot to him and that nobody going to mess with Patrick." The defendant, Patrick Williams and Michael Allen left the party for Michael Allen's home after they had been requested to do so because of their drunken and loud behavior. On arrival at his house, Michael Allen went in to change clothes and returned to find the victim, who lived next door to him, in the car with the defendant and Patrick Williams. The defendant drove the three other men to the Busy Bee Car Wash. Patrick Williams and Michael Allen testified that the defendant ordered the victim out of the car, and, after arguing with him and threatening him, shot him once in the arm and once in the head. On his arrest, the defendant denied knowing the victim but acknowledged that he had attended the party for the victim and admitted owning a .45 Colt satin finish weapon. That weapon was subsequently discovered at the defendant's father's apartment where the defendant was residing. The medical examiner testified that the victim died as a result of the gunshot wound to the head.

1. The defendant contends that the search resulting in the seizure of the gun was illegal and therefore the trial court erred by denying his motion to suppress. The defendant was arrested when he returned to the apartment and the premises were secured until a search warrant had been obtained, at which time the weapon was seized. Defendant argues, primarily based on the testimony of the defendant's wife, that the officers discovered the weapon only by conducting an illegal general search, beyond the scope of that authorized by the arrest warrant prior to obtaining the search warrant. However, we are bound to accept the trial court's decision on questions of fact and credibility at a suppression hearing unless clearly erroneous, *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975), and the testimony of the police officers involved supports the trial court's finding that the officers discovered the gun in the process of a proper search for the defendant pursuant to the arrest warrant, by looking in places where the defendant might have hidden.

Nor do we find merit to defendant's argument that the search warrant was defective because the police officer's affidavit on which the warrant was based did not set forth the reliability of information obtained from interviews with Michael Allen and Patrick Williams. The affidavit reflects that the information obtained from Michael Allen and Patrick Williams was against their penal interest and was corroborated by reliable information obtained from other witnesses. Thus, we find no error by the trial court in refusing to suppress the gun and in denying defendant's motion for new trial on the grounds

raised by his motion to suppress.

2. In his final enumeration of error, the defendant complains of instructions given to the jury on impeachment of witnesses and testimony of accomplices, as well as the court's refusal to give certain of defendant's requests to charge. This contention is not supported by argument or citation of authority, and is therefore deemed abandoned under Rule 45, Rules of the Supreme Court. Further, we have reviewed the instructions and charge as a whole and find no error.

3. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 15, 1987.

*Murray M. Silver*, for appellant.

*Robert F. Mumford, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.