## 44111. FORTNER v. THE STATE.
### (354 SE2d 146)

WELTNER, Justice.

James Fortner was convicted of the malice murder of David Harris and was sentenced to life imprisonment.[1]

On a Friday morning, Fortner and a friend, Smith, began drinking beer. They continued drinking throughout the day as they drove around in Fortner's automobile. In the afternoon Harris joined them and took over the driving of the automobile. Fortner and Harris had not met until this time. About 8:00 p.m., Smith left his companions. Between 11:30 p.m. and 11:45 p.m. Fortner was seen inside a restaurant and later was seen with Harris, who was driving Fortner's automobile in the parking area of the restaurant.

At approximately 12:15 a.m. on Saturday Fortner's automobile was seen partially in a shallow ditch, its motor running and its headlights on. A man emerged from the passenger's side, walked around the car, and was heard to say: "Try it again. Try it again." The man returned to the passenger's side, re-entered the automobile for a few seconds, then re-emerged and disappeared from view. Within minutes, sheriff's deputies arrived. They found Harris inside the automobile, dying from nine knife wounds.

---

[1] The crime was committed on March 23, 1985, and the indictment was returned on June 4, 1985. Fortner was convicted and sentenced on January 16, 1986, and his motion for new trial was filed on February 6, 1986. The transcript of the evidence was filed on November 4, 1986. The motion for new trial was argued on May 2, 1986, and was overruled on May 2, 1986. Notice of appeal was filed on May 20, 1986. The record on appeal was docketed in this court on November 25, 1986, and this case was argued on February 9, 1987.

Having identified Fortner as the owner of the automobile, deputies went to his mother's house at 4:00 a.m. and learned that Fortner slept in a camper near the house. Fortner was not in the camper at this time, nor when deputies returned at 7:40 a.m.

The search for Fortner continued, and on Sunday evening he was arrested at the home of a cousin. He denied any knowledge of Harris' murder. He acknowledged being with Harris at the restaurant late Friday night, but said that Harris had left him there. When he found that his automobile was gone, he said he paid someone twenty dollars to drive him to a place near his mother's home, and from there he walked home, arriving after it was light, and went to sleep. Fortner consented to a search of his camper. During the search a blue denim jacket with a white fur-like lining was seen, but was not seized. On the following Wednesday a search warrant was obtained, and the jacket was seized. A small amount of dried blood was found on the jacket and Fortner's dentures were found in a pocket of the jacket.

Fortner denied he wore this jacket on Friday, but others, including his friend, Smith, testified that he did. Fortner testified that it was his practice, when he drank a large amount of beer, to remove his dentures. He said he had done so on Friday but denied placing them in his jacket pocket. The dried blood proved to be human blood with enzyme characteristics consistent with those in Harris' blood and inconsistent with those in Fortner's blood. These particular characteristics are found in only four percent of the population.

1. The evidence in this case, albeit largely circumstantial, is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Fortner contends evidence critical to this prosecution was seized in violation of his rights under the United States Constitution and the Constitution of Georgia. This contention is based on the assertion that Fortner was intoxicated when arrested; that he is a functional illiterate; that he was interrogated for five hours; that he was deceived and coerced into signing a consent to search; and that his signing of a waiver of rights was involuntary. The trial court conducted a lengthy hearing on these issues and entered into the transcript its findings adverse to Fortner's contentions. We have reviewed the evidence and the trial court's ruling, and do not find the ruling to be clearly erroneous, *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975); *Williams v. State*, 256 Ga. 609 (351 SE2d 454) (1987). There was no error.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 9, 1987 —
RECONSIDERATION DENIED APRIL 22, 1987.

*Lawson & Fuller, John W. Lawson,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.