A91A2151. VICTRUM v. THE STATE.
A91A2152. MAYCOCK-BECKLES v. THE STATE.
(416 SE2d 740)

POPE, Judge.
Defendant Wade Maycock-Beckles and defendant Earnest Victrum were charged jointly with trafficking in cocaine and possession of a firearm in the commission of a felony. They were also both charged separately with giving a false name to a law enforcement officer. They were jointly tried and convicted of all charges. Each defendant appeals. We combined the two appeals for purposes of this opinion.

*Case No. A91A2152*

1. Defendant Maycock-Beckles argues he was denied the opportunity of a full and fair hearing on his motion to suppress the evidence obtained as a result of a search of the apartment in which defendants were arrested. The affidavit in support of the search warrant for the apartment was based in pertinent part on information supplied to the affiant, who was the agent investigating the case, by Kevin Fuller, who had been arrested earlier in the evening and charged with trafficking in cocaine. The agent attested in the affidavit and in a sworn statement to the issuing magistrate that Fuller provided him with information concerning the place and persons from whom he had purchased the cocaine found on his person when he was arrested and that he had identified the apartment in question.

Defendant called Fuller as a witness with the intent of presenting his testimony denying he supplied the agent with the information contained in the affidavit. Fuller's attorney was present at the hearing

to advise him and, to every pertinent question, Fuller invoked the privilege of the Fifth Amendment. Defendant's attorney stated it was his understanding that Fuller intended to enter a guilty plea to the trafficking charges pending against him and requested a continuance until after Fuller's sentencing hearing at which time Fuller would, presumably, be willing to testify. The trial court denied the request.

Contrary to defendant's contention, we hold the trial court did not err in conducting the hearing during which the witness invoked his privilege not to testify. The invocation was not made as a general objection to inquiry but was made in response to some, but not all, of defendant's questions. As to each question, the trial court allowed argument concerning whether the answer could incriminate the witness and made a determination on whether the danger was real and appreciable, in accordance with the procedure recommended in *Spivey v. State*, 200 Ga. App. 284, 285 (407 SE2d 425) (1991). Here, the questions the witness refused to answer pertained to the witness' familiarity with the defendants, whether he had ever visited the raided apartment and the statements he made to the State's agent. Since the witness pleaded guilty to the charge arising out of his activities on the day he was arrested, it is true, as defendant argues, that the answer to these questions could not further incriminate him as to these charges. Because, however, the evidence showed defendants had a history of using the apartment for drug trafficking, it is certainly possible that the witness' answer to that question could incriminate him in regard to other potential criminal charges. In regard to questions concerning the witness' statements to the State's agent, the prosecutor acknowledged he could be subject to charges for giving false statements. Thus, the trial court did not err in determining that the answers could incriminate the witness. Once it is determined that the answer *could* incriminate the witness, the decision whether the answer *might* incriminate must be left to the witness. Id. Here, the witness was rightly permitted to make that determination for himself, despite defendant's repeated assertions that the answers would not be incriminating.

Neither did the trial court abuse its discretion in denying defendant's motion for a continuance until after the witness had been sentenced for the charges pending against him. The witness continued to invoke his Fifth Amendment privilege and refused to testify at the hearing on defendant's motion for new trial, long after the witness had been sentenced on the charges pending against him at the time of the hearing on the motion to suppress. Thus, it appears that defendant was not prejudiced by the refusal to continue the hearing. Moreover, defendant has no right to postpone the criminal proceeding against him until the proceeding against another accused is complete in order to have the other accused available as a witness in his de-

fense. See *United States v. Carlin*, 573 FSupp. 44 (N.D. Ga. 1983), aff'd, 734 F2d 1480 (11th Cir. 1984) (in which the United States District Court ruled that a motion for a new trial on the ground of newly discovered evidence may not be based on the fact that a witness who was previously unavailable because of his invocation of the Fifth Amendment privilege is now willing to testify). To hold otherwise would permit, for example, co-defendants to avoid trial indefinitely on the ground that the testimony of the other defendant was necessary to each defendant's case.

2. Defendant argues the trial court erred in denying his motion to suppress because the search warrant was issued without a sufficient showing of the informant's reliability. The magistrate testified he was provided with Fuller's name, address, telephone number and date of birth. Fuller was in custody and had been charged with trafficking in cocaine when he gave his statement to the agent identifying the apartment at which he purchased the drugs in his possession at the time he was arrested. He described an automobile with Florida license tags, which the State's agent found parked in front of the apartment, and stated he made the purchase from the "Florida Boy" or "Florida Boys," whom he described as armed and dangerous.

Even though the informant was not previously known by the agent and he thus could not attest to the informant's reliability, the circumstances under which the statements were made provide the necessary indicia of reliability. "When one makes an admission against his own penal interest, he tends to be telling the truth. . . . Moreover, should he lie to the police, the person admitting a crime risks disfavor with the prosecution. '(O)ne who knows the police are already in a position to charge him with a serious crime will not likely undertake to divert the police down blind alleys.' [Cit.] We thus are satisfied that an admission against penal interest may form the basis for a magistrate's conclusion that an informant is reliable." *United States v. Davis*, 617 F2d 677, 693 (D.C. Cir. 1979). See also *Williams v. State*, 256 Ga. 609 (1) (351 SE2d 454) (1987); *Midura v. State*, 183 Ga. App. 523 (4) (359 SE2d 416) (1987).

3. We reject defendant's argument that the evidence was insufficient to sustain his conviction for possession of a firearm during the commission of a crime. The evidence shows defendant's co-defendant, Earnest Victrum, was within arm's reach of two pistols when the State's agents entered the apartment to execute the search warrant. "Defendant may properly be convicted of possession of a firearm during the commission of a crime (OCGA § 16-11-106 (b)) on the ground that he was a party or aider or abettor to the offense (OCGA § 16-2-20). *Wilcox v. State*, 177 Ga. App. 596 (340 SE2d 243) (1986)." *Perkins v. State*, 194 Ga. App. 189, 190 (1) (390 SE2d 273) (1990). Contrary to defendant's argument, this case is not controlled by *McIn-*

*tosh v. State*, 185 Ga. App. 612 (365 SE2d 454) (1988), in which this court held a defendant found guilty of trafficking in cocaine could not be found guilty of possession of a firearm during the commission of the crime because the gun found underneath his car seat was not on his person. The amendment to OCGA § 16-11-106 (b) adding the phrase "or within arm's length," was not applicable in the *McIntosh* case because it was not effective at the time of the offense, but it is applicable to the case at hand. Defendant's co-defendant was within arm's length of two pistols during the commission of the crime; therefore, defendant is guilty of the offense as a party to the crime.

4. Defendant's defense was that the drugs found in the apartment did not belong to him but to the woman to whom the apartment was leased, Wanda Sue Taylor. He attempted to show the investigating officer protected Taylor by tipping her off concerning the planned raid on the apartment so she could be away at the time of the raid. Both the officer and Taylor testified and denied knowing each other prior to defendant's arrest. Defendant, however, called as a witness a former police officer who worked with the investigating officer at the time of defendant's arrest who testified that the arresting officer had a discussion with him about Wanda Sue Taylor on a date prior to the arrest. The trial judge refused to permit the witness to testify about the content of that conversation. A proffer of evidence was made outside the presence of the jury in which the witness testified that prior to defendant's arrest the officer told him he had a new girl friend, but would not identify who it was. The following day the witness asked the arresting officer where he had been the previous night and the officer responded by asking the witness if he knew Sue. The witness responded by describing certain physical characteristics of a woman and the location of an apartment, to which the arresting officer responded, "Yeah."

We hold the trial judge did not commit reversible error by excluding testimony concerning the content of the conversation between the witness and the officer. First, a trial judge has wide discretion in determining the relevance or materiality of evidence. *Hartman v. State*, 170 Ga. App. 195 (316 SE2d 820) (1984). Secondly, the proffered evidence in no way establishes that the arresting officer was previously involved with Wanda Sue Taylor or acted improperly in notifying anyone of the planned raid on the apartment. No description of Wanda Sue Taylor is contained in the record, so, even assuming the truth of the witness' testimony concerning the alleged conversation between him and the arresting officer, the proffered evidence does not establish that the arresting officer was referring to Wanda Sue Taylor.

*Case No. A91A2151*

5. For the reasons set forth in Division 2 of this opinion, we hold the trial court did not err in denying defendant's motion to suppress the evidence obtained through execution of the search warrant.

6. We have examined the evidence and conclude it was sufficient to enable any rational trier of fact to find defendant guilty of the offenses charged beyond a reasonable doubt.

*Judgments affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 3, 1992 —
RECONSIDERATION DENIED MARCH 13, 1992.

*William M. Shurling III,* for appellant (case no. A91A2151).

*Maloy & Jenkins, James K, Jenkins,* for appellant (case no. A91A2152).

*Willis B. Sparks, III, District Attorney, Kimberly S. Shumate, Assistant District Attorney,* for appellee