### A92A0053. STARKS v. THE STATE.
(419 SE2d 75)

BEASLEY, Judge.

Starks was indicted for possession with intent to distribute 2.5 ounces of marijuana in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30 (j) (1). The marijuana was found in a gym bag in the rear compartment of Starks' car after a police stop of the vehicle. Following the denial of his motion to suppress evidence of the contraband and subsequent denial of reconsideration of the ruling, Starks entered a negotiated plea of guilty under the First Offender Act, OCGA § 42-8-60 et seq., to felony possession of marijuana, OCGA § 16-13-30 (j) (1).

It does not appear that the prosecution expressly agreed to a reservation by defendant of the right to appeal the suppression ruling, which should be part of a negotiated plea if that is the intention. However, considering the colloquy between defense and the court in this case and the fact that the State has not objected on appeal, defendant adequately reserved the right to appeal the denial of suppression. See *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824) (1991).

In denying suppression, the court entered a lengthy order detailing its findings of fact and concluding as matters of law that probable cause existed to stop Starks' vehicle and that seizure of the marijuana was valid as it was in plain view.

Starks challenges the lawfulness of the stop and, independently, the lawfulness of the search. He contests the finding that there was probable cause to stop him for a traffic violation and counters that the stop, made by members of a drug squad, was pretextual. He fur-

ther urges that even if the stop was lawful, the contraband was not in plain view and the scope of the search was excessive.

1. The court found the following with regard to the stop. The drug squad officer who initially observed Starks' vehicle saw Starks "operating at a high rate of speed in an unsafe manner" and passing vehicles through use of the turn lane. The officer radioed for another unit to stop Starks because the officer was in an unmarked car lacking blue lights and a siren. The officer relayed that Starks had passed in a turn lane designated as a no passing zone. He did not make any suggestion that the driver had drugs. The officer had no such information nor that Starks had ever been involved in drug activity.

Two other drug unit officers responded to the call. One testified that the radio broadcast mentioned Starks was traveling at a high rate of speed and passing other cars by use of the turning lane. His partner testified that the radio caller stated that Starks' vehicle used the center turn lane to pass two vehicles. Their police report stated that "an undercover unit observed a black 1988 Ford Escort, use the center turn lane to pass two vehicles." Defendant admitted pulling into the turn lane and then moving back into the regular flow of traffic.

The evidence supports the court's findings that probable cause existed to make a valid traffic stop and that there was no evidence that the stop was a pretext to investigate for drugs. Cf. *United States v. Smith*, 799 F2d 704 (11th Cir. 1986); *Tarwid v. State*, 184 Ga. App. 853 (363 SE2d 63) (1987).

2. The evidence also supports the court's detailed findings as to seizure of the contraband in plain view: While one officer was obtaining license and insurance information from Starks, his partner went to the passenger side of the car for "safety precautions" and visually checked the vehicle to see if anybody was lying in the back seat. He saw an open gym bag containing a plastic bag with what appeared to be marijuana and communicated this to the other officer. He placed Starks up against the car, then opened the car door, secured the bag, and placed Starks under arrest. Starks' testimony that the marijuana was not in plain view as the bag was on the floor and the car's windows were tinted was refuted by both arresting officers' testimony that the gym bag was on the back seat and by Starks' apparent confusion as to the location of the bag. No evidence corroborated Starks' testimony that his car windows were of such dark tint at the time of the stop that it was impossible to see through them. Starks introduced color photographs of his vehicle, but there was evidence that the photographs were taken sometime after Starks' arrest and that time the window tinting had been altered following the stop. None of the three police officers nor the police report described the car as having tinted windows. There was no evidence that the officers

had any difficulty observing the marijuana in the automobile even if the windows had some tint.

The appellate court is "bound to accept the trial court's decision on questions of fact and credibility at a suppression hearing unless clearly erroneous." *Williams v. State*, 256 Ga. 609, 610 (1) (351 SE2d 454) (1987). The evidentiary record supports the trial court's findings of fact, and the application of the plain view doctrine was appropriate, *State v. Hodges*, 184 Ga. App. 21, 34-25 (360 SE2d 903) (1987). The trial court's denial of suppression is affirmed.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 6, 1992.

*Howard, Bowen & Heard, James W. Howard,* for appellant.

*Robert E. Wilson, District Attorney, Richard R. Read, Barbara B. Conroy, Assistant District Attorneys,* for appellee.