A97A0880. SOSEBEE v. THE STATE.
(488 SE2d 102)

SMITH, Judge.

Timothy Allen Sosebee was indicted on one count of possession of over one ounce of marijuana and one count of possession of marijuana with intent to distribute. OCGA § 16-13-30 (j) (1). He was con-

victed by a jury on both counts, his motion for new trial was denied, and he appeals.

Sosebee, in his sole enumeration of error, contends the trial court erred in denying his motion to suppress. He asserts that a search of his residence pursuant to a warrant was improper because the request for the warrant was based in part upon illegally obtained evidence; without that evidence, he contends, the request did not establish probable cause. We disagree and affirm.

In reviewing a motion to suppress, "[t]he evidence is construed most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous. Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them." (Citations and punctuation omitted.) *Morgan v. State*, 195 Ga. App. 732, 735 (394 SE2d 639) (1990). And our task is "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." (Citation and punctuation omitted.) *Midura v. State*, 183 Ga. App. 523, 525 (4) (359 SE2d 416) (1987) (full concurrence on this issue).

Construed to support the trial court's ruling, the evidence shows that, while driving in Walker County, Sosebee and a female companion, Hendricks, were arrested. Sosebee was charged with disorderly conduct, and Hendricks was charged with having an open container of alcoholic beverage, driving without a license, and possessing marijuana. A routine check revealed that the vehicle occupied by Sosebee and Hendricks was registered to Gary Holt, a fugitive who was wanted for a series of home invasion robberies in Tennessee and was believed to be armed and dangerous. Tennessee law enforcement authorities were notified, and two Chattanooga police officers came to Walker County the next day to search for Holt. Sosebee refused to talk to the officers, but Hendricks was more communicative and told the officers she had seen someone matching Holt's description in Sosebee's trailer.

Based on this information, the Tennessee officers, Walker County deputies, and FBI agents went to Sosebee's trailer and sought permission from his mother, who lived next door, to search for Holt. Sosebee's mother stated that the trailer was hers, signed a consent to search form, and gave the officers a key to the trailer. The officers searched Sosebee's trailer for the fugitive but did not find him. They did not conduct any other search, but looked only into "any place that a human could get into." They did not see any drugs.

A tracking dog and handlers for the Georgia Department of Corrections were summoned to the scene in an attempt to track Holt. While the dog handlers were standing by their truck in the driveway

"waiting for further instructions," Sosebee's dog approached the truck barking and attempting to climb into the truck. One of the handlers placed the dog in a nearby pen to secure it and to protect the tracking dog. After Sosebee's dog was placed inside, it dragged a plastic bag out of the doghouse in the pen. The dog handler, concerned that the bag might contain "something that the dog was about to choke on," retrieved the bag from the pen and found that it contained drug paraphernalia.

Meanwhile, an officer with the Lafayette Police Department was conducting a telephone interview with Hendricks, who told him that she had purchased marijuana and pills from Sosebee at his trailer the previous night and that she saw a box containing four pounds of marijuana. While this officer was on the telephone with Hendricks, the dog handler brought him the bag found outside the doghouse. The officer prepared an affidavit and application for a search warrant and went before a local magistrate. The affidavit recited the facts surrounding the search for the fugitive, Hendricks's disclosures, and the discovery of the bag outside the doghouse, with the additional information that Sosebee had several prior felony drug arrests and that the agent had personal knowledge that Sosebee was a known drug dealer. After issuance of the warrant, the officers returned to the trailer with a narcotics dog and found a large quantity of marijuana concealed under a dresser.

In challenging the sufficiency of the affidavit, Sosebee contends that his mother had no authority to consent to the search of the trailer, that the discovery of the bag outside the doghouse was the fruit of that search and thus illegally obtained, and that the affidavit was insufficient without this information. He contends the evidence obtained from the dog pen came from the protected curtilage of his residence. It appears, however, that the dog handler was not participating in the search of the residence but was there to track a fugitive last seen at that location and under those circumstances was authorized to be within the curtilage of Sosebee's home. See *Gilreath v. State*, 247 Ga. 814, 819-820 (1) (279 SE2d 650) (1981). Moreover, the dog handlers never entered the house but were standing in the driveway "as would any guest, deliveryman, postal employee, or other caller." (Citation and punctuation omitted.) *Galloway v. State*, 178 Ga. App. 31, 34 (342 SE2d 473) (1986). We need not reach the issue of the validity of the first, warrantless search, however, because the affidavit was sufficient based solely on the information provided by Hendricks.

When a named informant makes a declaration against her penal interest and based on personal observation, that in itself provides a substantial basis for the magistrate to credit her statement. *Midura*, supra at 525. "When one makes an admission against his own penal

interest, he tends to be telling the truth. Moreover, should he lie to the police, the person admitting a crime risks disfavor with the prosecution. One who knows the police are already in a position to charge him with a serious crime will not likely undertake to divert the police down blind alleys. We thus are satisfied that an admission against penal interest may form the basis for a magistrate's conclusion that an informant is reliable." (Citations and punctuation omitted.) *Victrum v. State*, 203 Ga. App. 377, 379 (2) (416 SE2d 740) (1992). The dog handler's discovery of the bag was not necessary to establish probable cause; the information provided to the magistrate was sufficient without it on the basis of Hendricks's disclosures. The warrant was valid, and the trial court did not err in denying the motion to suppress even assuming the earlier investigation at Sosebee's trailer was improper. *Perkins v. State*, 220 Ga. App. 524, 526 (469 SE2d 796) (1996).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 19, 1997.

*Steven M. Ellis*, for appellant.

*Ralph L. Van Pelt, Jr., District Attorney, Michael J. Moeller, Bruce E. Roberts, Assistant District Attorneys*, for appellee.