A99A2134. TOMLINSON v. THE STATE.
A99A2135. POLLOCK v. THE STATE.
(527 SE2d 626)

MILLER, Judge.

Jeffrey Mark Tomlinson and Brenda Louise Pollock were jointly charged with possession of cocaine and possession of marijuana with intent to distribute. After a bench trial based on stipulated evidence, Tomlinson was found guilty as charged and sentenced as a first offender to five years probation. Pollock was found guilty of possession of cocaine and possession of marijuana, more than one ounce, as a lesser included offense, and also received five years probation as a first offender. Their separate appeals each raise only one identical assertion of error and so are consolidated for disposition in this single opinion.

---

[9] Cf. *Ivory v. State,* 199 Ga. App. 283, 284 (3) (405 SE2d 90) (1991).

## Case Nos. A99A2134 and A99A2135

Police executed a search warrant for defendants' residence and discovered eight ounces of marijuana under a living room table in a bag. Cocaine residue was scattered on a glass table in the living room. Inside the freezer was additional marijuana. Defendants contend the trial court erred in denying their joint motion to suppress the contraband discovered in their home, arguing the affidavit given in support of the search warrant failed to provide probable cause. Because the affidavit gave the magistrate a substantial basis for crediting the hearsay information that defendants sold drugs out of their residence, we affirm the denial of their motion to suppress.

A search warrant will issue only upon facts sufficient to show probable cause that a crime is being committed or has been committed.[1] In determining whether probable cause exists, the task of the magistrate is

"simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."[2]

The appellate court's responsibility in reviewing a trial court's ruling on a motion to suppress is to assure there was a substantial basis for the decision, and the evidence is construed to uphold the findings and judgment of the trial court.[3]

The affidavit in this case recited:

On 121396 at approximately 7:30 p.m. agents of the Cherokee Multi-Agency Narcotics Squad conducted a probation search at Lot 31 Pumpkin Vine Mobile Home Park, the residence of William Andrew Edwards. Agents located a bag containing marijuana in a . . . glass on an end table next to the television. After Mr. Edwards was read his *Miranda* warning, Mr. Edwards made statements against his penal interest stating that he purchased the marijuana within the last seven days from "Brenda and Jeff" at [their residence]. An independent investigation . . . confirmed that the residents of Lot 233 Shadowood Mobile Home Park are Jeff

---

[1] OCGA § 17-5-21 (a).
[2] *DeYoung v. State*, 268 Ga. 780, 787 (7) (493 SE2d 157) (1997).
[3] *State v. Wesson*, 237 Ga. App. 789, 790 (516 SE2d 826) (1999).

Tomlinson and Brenda [sic]. This information was discovered through Shadowood Mobile Home Park resident listing.

The search warrant was issued at 10:29 p.m. on December 13, 1996, and executed an hour later.

Defendants argue the hearsay information in the affidavit is unreliable, self-serving, not credible, and does not amount to a statement against penal interest. We disagree.

"When a *named* informant makes a declaration against . . . penal interest and based on personal observation, that in itself provides a substantial basis for the magistrate to credit that statement."[4]

> When one makes an admission against his own penal interest, he tends to be telling the truth. Moreover, should he lie to the police, the person admitting a crime risks disfavor with the prosecution. One who knows the police are *already* in a position to charge him with a serious crime will not likely undertake to divert the police down blind alleys. We thus are satisfied that an admission against penal interest may form the basis for a magistrate's conclusion that an informant is reliable.[5]

The cases cited by defendants are all distinguishable on their material facts, in that all involve affidavits based upon tips from anonymous, unnamed, or confidential informants.[6] Here, the trial court correctly concluded Edwards' admission that he bought marijuana in the past week amounted to a reliable statement against his penal interest, for it established the elements of both a parole violation and subsequent substantive offense. That Edwards, a named informant, further stated he bought that marijuana from Tomlinson and Pollock at their residence in that week is sufficient to authorize the magistrate's common sense decision that a crime had been committed and that proof of the crime might reasonably still be found in that residence. The trial court correctly denied defendants' motion to suppress.

---

[4] (Emphasis supplied.) *Sosebee v. State*, 227 Ga. App. 21, 23 (488 SE2d 102) (1997). Accord *Midura v. State*, 183 Ga. App. 523, 525 (4) (359 SE2d 416) (1987); see also *Williams v. State*, 256 Ga. 609, 610 (1) (351 SE2d 454) (1987) (statements against penal interest, corroborated by reliable information from other witnesses, sufficient to authorize issuance of search warrant); compare *State v. Wesson*, supra, 237 Ga. App. at 791 ("statement against interest" rule will not be extended to credit uncorroborated statements by unnamed informants whose reliability has not been established).

[5] (Citations and punctuation omitted; emphasis supplied.) *Victrum v. State*, 203 Ga. App. 377, 379 (2) (416 SE2d 740) (1992).

[6] *Miller v. State*, 219 Ga. App. 213, 216 (2) (464 SE2d 621) (1995).

*Judgments affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 11, 2000 —
RECONSIDERATION DENIED JANUARY 31, 2000.

*Zell & Zell, Rodney S. Zell,* for appellants.
*Garry T. Moss, District Attorney, Charles D. Gafnea, Assistant District Attorney,* for appellee.