## S03G1611. GRADDY v. THE STATE.
### (596 SE2d 109)

CARLEY, Justice.

Mrs. Sue Graddy (Appellant) was arrested and charged with manufacturing methamphetamine, manufacturing methamphetamine within 1,000 feet of a school, and possession of a firearm by a convicted felon. She moved to suppress evidence seized from her house and the outbuildings on her property, and to dismiss the charges against her. The trial court granted the motions, but the Court of Appeals reversed. *State v. Graddy*, 262 Ga. App. 98 (585 SE2d 147) (2003). We granted certiorari in order to address several issues raised by the opinion of the Court of Appeals.

1. The search was conducted pursuant to a warrant issued on the basis of hearsay statements attributed to an individual identified in the supporting affidavit as Andy Mills. Mills had been arrested on or near Appellant's property, and he was charged with possession of a concealed weapon. After his arrest, Mills provided information to the authorities regarding his personal observation of the manufacture of methamphetamine by Appellant's son on the premises. Having determined that this information established probable cause, the magistrate issued the warrant to search Appellant's residence and the entire curtilage thereof. The trial court concluded that Mills' reliability was not established, but the Court of Appeals reversed, holding that, "[b]y admitting his presence during the making of methamphetamine, Mills was making statements against his penal interest. [Cits.]" *Graddy v. State*, supra at 103 (2). We granted certiorari to consider whether there is a distinction between the admission at trial of hearsay statements that are against the penal interest of the declarant and the inclusion of such statements in an affidavit seeking issuance of a search warrant.

In Georgia, hearsay statements that are against the criminal interest of a third party declarant and exculpatory of the accused are inadmissible in criminal cases. *Stanford v. State*, 272 Ga. 267, 269 (4) (528 SE2d 246) (2000). See also Green, Ga. Law of Evidence (5th ed.), § 286; Rumsey, Agnor's Ga. Evid. (3rd ed.), § 11-17. "[I]f such admissions were allowed as evidence upon the trial of the accused, a person could subvert the ends of justice by admitting the crime to others and then absenting himself." *Timberlake v. State*, 246 Ga. 488, 492 (1) (271 SE2d 792) (1980).

However, that rationale for discounting exculpatory statements against penal interest does not apply in the pre-trial warrant context, where the issue "is not guilt beyond reasonable doubt but probable cause for believing the occurrence of a crime and the secreting of evidence in specific premises. [Cit.]" *Harris v. United States*, 403 U. S. 573, 584 (III) (91 SC 2075, 29 LE2d 723) (1971). A known informant

who makes an inculpatory admission regarding his connection with an offense that has yet to be indicted not only provides probable cause for issuance of a search warrant, but also subjects himself to potential arrest and prosecution for the admitted criminal activity.

> "When one makes an admission against his own penal interest, he tends to be telling the truth. . . . Moreover, should he lie to the police, the person admitting a crime risks disfavor with the prosecution. '(O)ne who knows the police are already in a position to charge him with a serious crime will not likely undertake to divert the police down blind alleys.' (Cit.) We thus are satisfied that an admission against penal interest may form the basis for a magistrate's conclusion that an informant is reliable." [Cits.]

*Victrum v. State*, 203 Ga. App. 377, 379 (2) (416 SE2d 740) (1992). Therefore, " '[w]hen a *named* informant makes a declaration against penal interest and based on personal observation, that in itself provides a substantial basis for the magistrate to credit that statement.' [Cits.]" (Emphasis in original.) *Swan v. State*, 257 Ga. App. 704, 705 (1) (572 SE2d 64) (2002). Accordingly, we hold that, although a third party's exculpatory hearsay admissions against penal interest are inadmissible at a criminal trial, inculpatory statements that are made by a known or identified informant can establish probable cause for issuance of a search warrant.

2. Appellant contends that the Court of Appeals erred in characterizing Mills' statement as being contrary to his penal interest, since he did not expressly admit his participation in the criminal activity he described.

The statement need only be against the penal interest of the declarant, and does not have to be a formal confession that he is guilty of the crime in connection with which his statement constitutes probable cause for a search. See *Williams v. State*, 256 Ga. 609, 610 (1) (351 SE2d 454) (1987). In determining whether information qualifies as being contrary to a person's penal interest, "a highly legalistic or technical interpretation of the informant's statement is not called for, as the fundamental question is whether the informant would have perceived his remarks as highly incriminating." 2 LaFave, Search and Seizure, § 3.3 (c), p. 134 (3d ed. 1996). Here, Mills was already under arrest at the time he made his statement. Prior to being taken into custody, he was sitting with Appellant's son in the latter's truck. When the officer pulled up, both acted suspiciously. Appellant's son fled and Mills headed in the direction of his own nearby truck. The officer followed Mills, saw a partially hidden knife in the vehicle, and arrested him for carrying a concealed

weapon. In the truck abandoned by Appellant's son, the policeman discovered paraphernalia of the type used in the manufacture of methamphetamine. Mills' statement did not refer to a single remote and isolated instance, but related instead to his observation of drug production on numerous occasions. Under these circumstances, Mills must have perceived that his statement was highly incriminating of his on-going involvement in the manufacture of contraband on the premises where the described events occurred. Accordingly, the Court of Appeals correctly characterized the statement as against his penal interest and, thus, reliable so as to authorize issuance of the warrant to search Appellant's house and curtilage for the drugs and drug-making equipment that he claimed he saw there. See *Tomlinson v. State*, 242 Ga. App. 117, 119 (527 SE2d 626) (2000).

3. As a preliminary matter, the Court of Appeals noted that, "[w]hen a warrant has been obtained and it is challenged, the burden of proving its invalidity is on the challenger. . . . *State v. Towe*, [246 Ga. App. 808 (541 SE2d 423) (2000)]." *State v. Graddy*, supra at 98 (1). Appellant urges that this is an erroneous statement of the law. *Towe*, supra at 809, does in fact hold that,

> [w]hen a search warrant has been obtained, any challenger of the warrant has the burden of proving its invalidity. . . . *State v. Davis*, 217 Ga. App. 225, 227 (457 SE2d 194) (1995), aff'd, *Davis v. State*, 266 Ga. 212 (465 SE2d 438) (1996).

However, this statement from *Towe* represents a serious misunderstanding of our holding in *Davis*. Although in that case we did affirm the Court of Appeals' reversal of the grant of the motion to suppress, we expressly rejected any notion that, under Georgia law, the challenger of a search warrant has the burden of proving its invalidity.

> Once a motion to suppress has been filed, the burden of proving the lawfulness of the warrant is on the [S]tate and that burden never shifts. [Cits.] The only burden upon the challenger of a search warrant is that of producing evidence to support his challenge, which burden is shifted to him only after the [S]tate has met its initial burden of producing evidence showing the validity of the warrant. [Cit.] The erroneous statement placing the burden of proof on the challenger of a search warrant that was made in the Court of Appeals' opinion in this case or in any other case . . . is hereby disapproved.

*Davis v. State*, 266 Ga., supra at 213. Therefore, *Towe* erred in citing *Davis* as authority for the proposition that the defendant has the burden of proving the invalidity of a search warrant. The Court of

Appeals perpetuated that error here by citing *Towe* as viable support for holding that the burden was on Appellant to prove the invalidity of the warrant issued to search her house. Under this Court's decision in *Davis*, the burden of proving the validity of the warrant was on the State and that burden never shifted to Appellant.

However, the Court of Appeals' erroneous statement of the law does not necessarily mandate a reversal of its judgment. The State assumed the burden of proving the validity of the warrant and, under the totality of the circumstances shown by that proof, the magistrate was authorized to find the existence of probable cause to search Appellant's home and its curtilage.

> Since the Court of Appeals' erroneous statement regarding the burden of proof was unnecessary to its correct determination that [Appellant's] motion to suppress should be denied, that erroneous statement must be deemed to be mere obiter dictum and the judgment of reversal is correct. [Cit.]

*Davis v. State*, 266 Ga., supra at 213. However, *Towe v. State*, supra, and any other decision which places the burden of proof on the defendant who challenges a search warrant are hereby overruled, and the Court of Appeals is reminded to avoid relying upon any such case in future appeals.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 2004.

*Bryant H. Bower, Jr., Sutton & Associates, Berrien L. Sutton*, for appellant.

*Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Assistant District Attorney*, for appellee.