A07A1966. THE STATE v. BALLEW et al.
(660 SE2d 732)

ADAMS, Judge.

The State appeals the grant of a motion to suppress filed by defendants William Thomas Ammons, Brandon James Sanford, and Kimberly Taylor arising out of a search made pursuant to a no-knock warrant. The State contends the search warrant was supported by probable cause and that even if there was no basis for a no-knock provision, that flaw should not result in the suppression of the evidence.

The standard of review on appeal of the validity of a search warrant is well explained in *Shivers v. State*, 258 Ga. App. 253, 254 (573 SE2d 494) (2002):

An affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the

information and the informant. In determining whether an affidavit provided sufficient probable cause, the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

(Footnote and emphasis omitted.) Finally, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for concluding' that probable cause existed." (Footnote omitted.) Id.

The affidavit upon which the warrant was based provided the following reason for the search:

On 09/08/04 after [a] traffic stop with Shawn Parkarson Woodard[,] Mr. Woodard was found in possession of less than 1 oz. marijuana and 2 different schedule II drugs not in original container. Mr. Woodard said [he] bought the illegal drugs from a male at # 120 Jackson St Cedartown, Ga 30125. Mr. Woodard was also seen at # 120 Jackson St Cedartown, Ga 30125.

At the hearing on the motion to suppress, Todd Wallace of the Polk County Police Department testified that he had earlier received anonymous tips of drug activity at 120 Jackson Street. While observing the house, Wallace saw two people go up to the house, leave, and depart in a truck; but Wallace did not see anyone go into the house. He followed the truck, saw it driving "in the middle of the road," and notified uniformed officers who performed a traffic stop for failure to maintain lane. The truck's driver, Shawn Woodard, responded to a question and indicated that he had illegal substances on his person, which were confiscated; Wallace suspected them to be marijuana and other illegal pills. Woodard then spontaneously stated that he had purchased the drugs at 120 Jackson Street. Based on this information, Wallace sought a warrant to search the property at that address. Wallace admitted that he did not do anything to verify the identity of any occupants of the house or even determine from whom Woodard claimed to have purchased drugs. Finally, Wallace had never met Woodard before and had no past basis to find him reliable.

In addition to the above information, Wallace told the magistrate that a no-knock warrant was necessary because, based on his experience it was needed for officer safety and to preclude the destruction of evidence at the location. He admitted that he offered no particularized reason to support the no-knock warrant arising from the facts

of this case; rather, his only reason for asking for a no-knock provision was his past experience dealing with people involved with drugs.

1. "A search warrant must be supported by probable cause, or reasonable grounds, to believe that evidence of a crime will be found in a particular place." (Punctuation and footnote omitted.) *Craft v. State*, 252 Ga. App. 834, 845-846 (4) (558 SE2d 18) (2001). In cases where probable cause is based on hearsay, "the declarant's veracity and basis of knowledge are still major considerations." (Citation omitted.) *Banks v. State of Ga.*, 277 Ga. 543, 545 (2) (592 SE2d 668) (2004). And the validity of a warrant is judged by the totality of the circumstances. *Copeland v. State*, 273 Ga. App. 850, 851 (1) (a) (616 SE2d 189) (2005).

Here, no evidence was presented to show the reliability of the earlier anonymous tips. But although Wallace admitted that he had no reason to trust Woodard, Woodard was a named informant who made a statement against penal interest.

> [W]hen a named informant makes a declaration against penal interest and based on personal observation, that in itself provides a substantial basis for the magistrate to credit that statement.

(Citation, punctuation and emphasis omitted.) *Graddy v. State*, 277 Ga. 765, 766 (1) (596 SE2d 109) (2004).

In *Tomlinson v. State*, 242 Ga. App. 117 (527 SE2d 626) (2000), the police obtained a statement from a named informant that he had purchased drugs within the last seven days from "Brenda and Jeff" at their residence. Id. at 118. The fact that the statement was made against the informant's penal interest was enough to form the basis for the magistrate's conclusion that the informant was reliable. Id. at 119. Also, the statement was "sufficient to authorize the magistrate's common sense decision that a crime had been committed and that proof of the crime might reasonably still be found in that residence." Id. See also *Swan v. State*, 257 Ga. App. 704, 705-706 (1) (572 SE2d 64) (2002) (probable cause for search warrant existed where person arrested for drug offense told police that two days earlier he had purchased the drugs from "Jeannie" at a certain house and that he had seen drugs at that location); *Victrum v. State*, 203 Ga. App. 377, 379 (2) (416 SE2d 740) (1992) (probable cause for search warrant existed where arrestee told police the place and persons from whom he had purchased drugs and he identified the apartment in question).

Thus, in this case, the magistrate was authorized to conclude that the information provided by Woodard was credible, i.e., that he had purchased the drugs in his possession from a male at 120 Jackson Street. The officer's own observation of Woodard having just departed

that same premises provides some corroboration of Woodard's statement. And the magistrate was also authorized to conclude that proof of the crime might reasonably still be found in the given location. The trial court erred by holding otherwise.

2. The State also argues that any flaw with the no-knock aspect of the warrant should not result in the exclusion of the evidence found at the premises. Pretermitting any question of the proper remedy in Georgia for a flawed no-knock warrant, if the entry was lawful without considering the no-knock provision then the search may be upheld and suppression denied. See generally *Harvey v. State*, 266 Ga. 671, 672 (469 SE2d 176) (1996). The State argues that the police in this case in fact knocked before entering and that the evidence would have been discovered inevitably. See *Taylor v. State*, 274 Ga. 269, 274 (3) (553 SE2d 598) (2001). An officer testified that when executing the warrant, the officers saw that the only door was padlocked from the outside with a dead bolt. Officers surrounded the building, announced, "police department, search warrant," and continued to make the announcement while trying to pry open the door. It took the officers about two minutes to gain entry. Once inside, the officers discovered that no one was in the building.

OCGA § 17-5-27 provides that officers may use force to enter a building to execute a search warrant,

> if, after verbal notice or an attempt in good faith to give verbal notice by the officer directed to execute the same of his authority and purpose . . . [t]he person or persons within the building or property or part thereof refuse to acknowledge and answer the verbal notice or the presence of the person or persons therein is unknown to the officer; or . . . [t]he building or property or part thereof is not then occupied by any person.

The officers' actions in this case satisfy the requirements of that Code section. The only door was padlocked from the outside, officers' gave verbal notice, no one answered, and the building was not occupied.

In short, the warrant was supported by probable cause and the entry was authorized notwithstanding the no-knock provision.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 1, 2008 —
RECONSIDERATION DENIED APRIL 4, 2008.

*Donald N. Wilson, District Attorney, Charles D. Gafnea, Assistant District Attorney*, for appellant.

*David L. Smith, James C. Bonner*, for appellees.