**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 16, 2015

# In the Court of Appeals of Georgia

A15A0076. SHEARS v. THE STATE.

MCFADDEN, Judge.

A jury found Jessen Brett Shears guilty of trafficking in methamphetamine in violation of OCGA § 16-13-31 (e) and possessing a controlled substance in violation of OCGA § 16-13-30 (a). On appeal, Shears argues that he received ineffective assistance of trial counsel, but he has not shown both that his trial counsel performed deficiently and that he was prejudiced. He also argues that the trial court erred in denying his motion to suppress evidence found during a search of his house pursuant to a warrant, but he did not preserve this issue for appellate review. Accordingly, we affirm.

1. *Facts.*

The evidence, viewed most favorably to the verdict, shows that on October 8, 2008, police officers arrested Zachary Barrett and Dionne Malinasky on outstanding warrants for drug-related offenses. In ensuing interviews, Barrett and Malinasky informed the police that earlier in the day they had been at a house occupied by Jessen Shears and Lisa Petronski (Shears's co-defendant in this case). Barrett and Malinasky described drug activity, including sales of methamphetamine, at the house.

Later that day, the police obtained and executed a search warrant at Shears's house. In Shears's bedroom they found, among other things, a firearm, marijuana, and an unlocked safe containing 39.86 grams of methamphetamine. They also observed cameras outside the house that provided a live video feed to monitors in Shears's bedroom. As they were executing the search warrant, Shears arrived at the house and the police arrested him. In a patdown search they found two bundles of cash, totaling over $2,400, in Shears's pockets, and in a search of Shears's vehicle they found another firearm and a ledger. A police officer admitted as an expert in general narcotics investigation testified at trial that the ledger depicted methamphetamine transactions.

At trial, Malinasky testified that she witnessed Shears sell methamphetamine at the house on several occasions, including a day or two before the October 8, 2008

2

arrest. And Barrett testified that he had purchased methamphetamine at the house on one or two occasions from a person introduced to him by Shears.

2. *Ineffective assistance of counsel.*

Shears argues that he received ineffective assistance of trial counsel. To prevail on this claim, he must show "that [his] trial lawyer['s] performance was professionally deficient and that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been more favorable to [him]. See *Strickland v.Washington*, 466 U. S. 688, 687, 694 (104 SCt 2052, 80 LEd2d 674) (1984)." *Bighams v. State*, 296 Ga. 267, 270 (3) (765 SE2d 917 (2014). Shears has not met this burden.

(a) *Asking a question that led to harmful testimony.*

Shears argues that his trial counsel was ineffective because, while cross-examining a police officer, counsel asked a question that led the state to elicit harmful testimony from a subsequent witness. Counsel asked the officer: "No person told you they . . . saw [Shears] sell meth; is that correct?" The truthful answer to this question would have been disagreement with the statement, because Malinasky had told this officer that she had seen Shears selling methamphetamine. Instead, the officer answered, "That is correct." Outside the jury's presence he explained that he had

3

answered this way because he did not want to testify to hearsay that might result in a mistrial. To rectify the misperception created by the officer's testimony, the state called Malinasky and elicited from her testimony that she had seen Shears selling methamphetamine from the house numerous times over the several months before his arrest.

Both at trial and at the hearing on Shears's motion for new trial, trial counsel stated that he erred in the question he asked the police officer. Even if that question constituted deficient performance, however, Shears did not show prejudice. "He failed to prove that if his attorney had [not asked the question of the police officer], the [s]tate could not have introduced the [damaging testimony of Malinasky]." *Mayberry v. State*, 301 Ga. App. 503, 509 (4) (c) (687 SE2d 893) (2009). Both the state and Shears's co-defendant had subpoenaed Malinasky and were entitled to call her as a trial witness. Moreover, Malinasky's testimony that Shears sold methamphetamine "was relevant to the drug trafficking charge to establish that he was involved in dealing drugs and possessed the drugs with the intent to distribute them." *Evans v. State*, 288 Ga. App. 103, 108 (3) (a) (653 SE2d 520) (2007) (citations omitted). Contrary to Shears's contention, this relevant evidence was "not rendered

inadmissible merely because it incidentally place[d Shears's] character in issue." Id. (citation and punctuation omitted).

(b) *Failing to move to suppress evidence.*

Shears argues that his trial counsel was ineffective by not moving to suppress evidence found in the searches of his person and vehicle, which he contends were incident to an illegal arrest. At the hearing on Shears's motion for new trial, his trial counsel testified that he did not make such a motion because, after consideration, he felt a challenge on that ground had no merit. We agree.

"Probable cause to arrest exists where, based on objective facts and circumstances, a man of reasonable caution would believe that a crime has been or is being committed." *Minor v. State*, 298 Ga. App. 391, 396 (1) (b) (60 SE2d 459) (2009) (citation and punctuation omitted). Probable cause existed here – the police officers arrested Shears during a search of his residence, pursuant to a warrant, in which they found illegal drugs in his bedroom. Although Shears argues that the officers did not know who he was when they arrested him, the trial evidence did not support that argument and Shears offered no evidence on the point at the hearing on his motion for new trial.

Because Shears did not "make a strong showing that the evidence would have been suppressed had a motion to suppress been filed," *Stanley v. State*, 283 Ga. 36, 39 (2) (a) (656 SE2d 806) (2008) (citation and punctuation omitted), he has not met his burden of showing that he received ineffective assistance of counsel.

(c) *Failing to object to evidence admitted after denial of motion to suppress.*

Shears argues that his trial counsel was deficient in waiving appellate review of the trial court's denial of a motion to suppress evidence obtained in a search of his house pursuant to a warrant. Throughout the trial, Shears's counsel (possibly under the mistaken impression that he had been granted a continuing objection) affirmatively stated that he had no objection to the admission of evidence found in the search, thereby "waiv[ing] and fail[ing] to preserve his right to contest the admission of the evidence on appeal on the grounds raised in the motion to suppress." *Dyer v. State*, 233 Ga. App. 770, 771 (505 SE2d 71) (1998) (citation and punctuation omitted). Nevertheless, Shears has not shown this constituted ineffective assistance because the trial court did not err in denying the motion to suppress, and the failure to raise a meritless objection was not ineffective assistance of counsel. *Moore v. State*, 293 Ga. 676, 679 (5) (a) (748 SE2d 419) (2013). Shears's motion to suppress was due to be denied because, in considering such a motion, the trial court is required

6

to accord substantial deference to the magistrate's decision to issue a search warrant based on a finding of probable cause, *State v. Palmer*, 285 Ga. 75, 77 (673 SE2d 237) (2009), and the evidence here is sufficient to support the magistrate's decision. Although Shears challenged the reliability of hearsay statements that were included in the police officer's warrant affidavit, the contents of the affidavit permitted the trial court to find that the magistrate had probable cause to issue the warrant because the statements were made by named informants against their penal interest.

Our Supreme Court has explained that such statements can support the issuance of a warrant.

> [W]hen a named informant makes a declaration against penal interest and based on personal observation, that in itself provides a substantial basis for the magistrate to credit that statement. Accordingly, . . . although a third party's exculpatory hearsay admissions against penal interest are inadmissible at a criminal trial, inculpatory statements that are made by a known or identified informant can establish probable cause for issuance of a search warrant.

*Graddy v. State*, 277 Ga. 765, 766 (1) (596 SE2d 109) (2004) (citation, punctuation and emphasis omitted).

In this case the affidavit identified by name the informants, Zachary Barrett and Dionne Malinasky. It indicated that they gave the statements after being arrested

7

pursuant to open warrants, and it specified that Barrett's warrant involved possession of methamphetamine. The informants' statements placed them at Shears's house while marijuana and methamphetamine were being used and sold. To be against penal interest, a statement "does not have to be a formal confession that [declarant] is guilty of the crime in connection with which his statement constitutes probable cause for a search," but merely must be a statement that the declarant would perceive to be "highly incriminating." *Graddy*, 277 Ga. at 766 (2) (citations and punctuation omitted). Given the circumstances in this case, the trial court "correctly characterized the statement[s] as against [the informants'] penal interest and, thus, reliable so as to authorize issuance of the warrant to search [Shears's] house[.]" Id. at 767 (citation omitted). Consequently, Shears has not shown that he received ineffective assistance of trial counsel due to his trial counsel's failure to preserve for appeal the trial court's denial of his motion to suppress evidence found during that search.

3. *Motion to suppress.*

Shears argues that the trial court erred in denying his motion to suppress evidence obtained in the search of his house pursuant to warrant. Because he waived his right to contest the admission of evidence on this ground by affirmatively stating

8

that he had no objection when the evidence was admitted at trial, see Division 2 (c), supra, this claim of error presents nothing for us to review.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur*.